**Jack Lee BONGE, Executor of the Estate of Hortense Bonge Hull, Appellant (Petitioner Below),**

**v.**

**Bettie Jo RISINGER, Guardian of Raouel Basil Hull, Appellee (Respondent Below).**

No. 48A04-8703-CV-87.

Court of Appeals of Indiana, Fourth District.

Aug. 24, 1987.
Rehearing Denied Sept. 29, 1987.

Robert L. Austin, Busby, Austin, Cooper & Farr, Anderson, for appellant.

Billie W.C. Schuyler, John E. Eisele, Schuyler, Eisele & Lockwood, Anderson, for appellee.

CONOVER, Judge.

Jack Lee Bonge (Bonge) as executor of the estate of Hortense Bonge Hull (Hull estate) appeals the Madison Circuit Court's judgment that Bettie Jo Risinger (Risinger), guardian of decedent's husband Raouel Basil Hull (Raouel), had timely filed an election against decedent's will although no prior court approval had been obtained to make such election.

We affirm.

ISSUES

This appeal presents a single issue, namely, whether the guardian of an incompetent surviving spouse must first obtain court authorization before filing on behalf of the incompetent an election to take against the will of a deceased spouse.

FACTS

At the time Hortense and Raouel were married, they each had children of their own. No children were born of their marriage. Hortense died on September 9, 1985, her will was admitted to probate 9 days later on September 18, 1985. Although Hortense's will was executed while she and Raouel were married, it contained no provisions regarding Raouel. Notice of the opening of Hull's estate was duly published.

On January 15, 1986, Risinger, Raouel's daughter, was appointed his guardian. The next day she filed Raouel's election to take against Hortense's will with the probate court without having obtained a court order authorizing its filing on his behalf.

After the time for filing of such elections had run, Raouel's guardian obtained a court order which retroactively authorized the prior filing.

Hull's estate then filed a motion for summary judgment which claimed Raouel's election was invalid. It was overruled. Hull's estate later filed an intermediate accounting which disregarded Raouel's election to take against the will. The trial court entered a judgment modifying the proposed distribution to include distribution to Raouel, finding Risinger had timely and effectively exercised Raouel's right of election to take against Hortense's will.

Hull's estate appeals.

DISCUSSION AND DECISION

██ Three provisions of the probate code are of interest in this appeal.[1] Hull's estate contends guardian Risinger's filing of Raouel's election to take against Hortense's will was invalid because the statute requires court approval before the guardian may do so. The estate further argues the court's subsequent authorization to file such election was ineffectual because it was obtained after the time for filing such election had run. We disagree.

Burns' Statutes § 6–2335 (1933) provided in such cases guardians of incompetent surviving spouses had the duty to file a petition "praying for the advice of the court" and obtain a court determination as to whether the guardian should file an election to take under the will or renounce the same and take under the laws of descent. This statute required the circuit court to hear evidence, determine which course was in the best interests of the incompetent, and enter judgment accordingly.

██ The legislature's enactment of IC 29–1–3–4 in 1953 substantially changed the

---

1. IND. CODE 29–1–3–2 reads in part
   The election by a surviving spouse to take the share hereinbefore provided must be made not later than ten [10] days after the expiration of the time limited for the filing of claims; ...,
   IC 29–1–3–3 provides in part
   (a) The election to take the share hereinbefore provided shall be in writing, signed and acknowledged by the surviving spouse or by the guardian of his estate and shall be filed in the office of the clerk of the court.
   ...,
   and IC 29–1–3–4 provides
   The right of election of the surviving spouse is personal to him. It is not transferable and cannot be exercised subsequent to his death; but if the surviving spouse is incompetent, the court may order the guardian of his estate to elect for him.

former provisions in this regard. It provides "the court *may* order the guardian of his estate to elect for him," but contains no provision for court approval as a condition precedent to the filing of such an election by the guardian as was the case in the prior statute.

Recently we said

It is a fundamental rule of statutory construction that "when the legislature enacts a statutory amendment to a prior statute, a presumption arises that the legislature intended to change the law unless it clearly appears that the amendment was made only to express the original intention of the legislature more clearly."

*Alvers v. State* (1986), Ind.App., 489 N.E.2d 83, 88. Where language is deleted from a statute, a legislative intention to change the meaning of the prior statute is demonstrated. *Lake County Beverage Co., Inc. v. 21st Amendment, Inc.* (1982), Ind.App., 441 N.E.2d 1008, 1011. The presumption of intent to change the law when language is deleted from a statute is applicable to cases involving probate law, *cf., In re: Matter of Estate of Nay* (1986), Ind.App., 489 N.E.2d 632. In construing a statute it is just as important to recognize what the statute does not say as it is to recognize what it does say. *In re: Wardship of Turrin* (1982), Ind.App., 436 N.E.2d 130, 132.

In view of the above it is eminently clear, IC 29-1-3-4 does not require court approval as a condition precedent to the guardian's filing of an election to take against the will of the ward's deceased spouse on behalf of the incompetent survivor.

Because the guardian's election was timely filed, it was effective.

Judgment affirmed.

MILLER and GARRARD, P.JJ., concur.