**In the Matter of the ESTATE OF Harry M. COVELL, Deceased.**

**Jack COVELL and James Covell, Appellants (Respondents Below),**

**v.**

**Erma D.E. COVELL, Appellee (Petitioner Below).**

**No. 17A04–8810–CV–329.**

Court of Appeals of Indiana, Fourth District.

June 26, 1989.

Thos. M. Moorhead, Michael L. James, Baker & Daniels & Shoaff, Fort Wayne, for appellants.

James Koday, Bewley & Koday, John D. Walda, Barrett & McNagny, Fort Wayne, for appellee.

CHEZEM, Judge.

## Statement of the Case

Appellants, Jack and James Covell, appeal from the trial court's judgment which found that Appellee, Erma D.E. Covell, was competent to elect against her deceased husband's Will. We affirm.

## Issue

Did the trial court err by allowing a mentally competent wife for whom a conservatorship has been established due to blindness, to elect against her husband's Will by either filing a timely personal election or by filing a timely election made by her conservator pursuant to a court order?

## Facts

On April 26, 1986, Harry M. Covell died, survived by his wife of thirty-five years, Erma. Harry was also survived by his two sons from a prior marriage, Jack and James Covell. Erma, Jack, and James are beneficiaries under Harry's Will.

On April 30, 1986, Harry's Last Will and Testament was probated, and Auburn State Bank was appointed personal representative. First notice of the administration of the estate was published on May 12, 1986. On May 8, 1986, the Bank filed a petition, which was heard by Judge Stump, to appoint the Bank as conservator for Erma. Judge Stump granted the conservatorship due to the fact that Erma was blind. Erma signed a waiver of notice regarding the conservatorship. A revocable trust agreement which was created in April, 1985, was terminated by the Bank when this conservatorship was created and the Bank transferred the trust funds into the conservatorship. The Bank had control of Erma's property.

On October 3, 1986, Erma timely filed her election against the Will of her husband, Harry. Also, on October 3, 1986, Erma's attorney filed a petition regarding Erma's election against the Will requesting the court to determine whether Erma's election against Harry's Will was personal to her and was properly made. In the alternative, the Petition asked the court to direct the Bank to make an election against the Will for Erma, if as conservator, the Bank was the proper party to make such an election in Erma's behalf.

The statutory period in which Erma may have filed an election against Harry's Will ended on October 22, 1986. Erma filed an election during that period. However, the Bank, as Erma's conservator, did not file an election against Harry's Will in Erma's behalf at this time.

On January 14, 1987, the Covell brothers filed objections to Erma's election against Harry's Will and amended those objections on June 30, 1987.

During a September, 1987, trial before Judge Stump, the Covell brothers attempted to prove Erma was mentally incompetent when the conservatorship was created and when she made the election against Harry's Will. In May, 1988, Judge Stump found Erma mentally competent during the relevant time and upheld her personal election against Harry's Will. He also ordered the Bank to file an election against Harry's Will, in Erma's behalf.

The Covell brothers now appeal this ruling.

## Discussion

The Covell brothers appeal a negative judgment. The standard by which we review such a case was correctly stated in *Wurm v. Haessly* (1977), 172 Ind.App. 170, 360 N.E.2d 12, at 16:

·Only where evidence is without conflict and leads inescapably to but one conclusion and the trial court has reached a contrary conclusion will its decision be set aside [ ...].

The Indiana Code thoroughly addresses elections against Wills. I.C. 29-1-3-4 states that the right of the surviving spouse to elect against the Will is personal to that spouse. The statute also provides that "if the surviving spouse is incompetent, the court may order the guardian of his estate to elect for him." This decision is discretionary. I.C. 29-1-3-4 replaced Burns Indiana Annotated Statutes Sec. 6-

2334 which required a guardian or conservator to petition the court for advice regarding an election against a deceased spouse's Will. I.C. 29-1-3-4 eliminates this mandatory provision, but at the same time allows the court discretion in deciding whether a guardian must elect against a Will on behalf of an incompetent. *See Bonge v. Risinger* (1987), Ind.App., 511 N.E.2d 1082, 1084. Judge Stump has exercised, but not abused, such discretion.

Appellants do not dispute that Erma timely filed her election. Rather, they contend that Erma was not legally eligible due to her incompetency to file an election against the Will and that she should have deferred to her conservator, the Bank. The Bank did not initially file an election against the Will in Erma's behalf, and only did so pursuant to court order on May 9, 1988.

As stated in I.C. 29-1-18-10(a)(1), conservatorships can be created for a number of reasons. Judge Stump created this conservatorship due solely to Erma's blindness and not due to any mental incapacity. Sufficient evidence produced at trial supports the holding that Erma was mentally competent. Dr. Harvey testified that the existence of infarctions and atrophy, as in Erma's brain, did "not necessarily" have any bearing on an individual's mental competency. (R. 562) Dr. Harvey further testified that "Erma did not seem to have a memory loss." (R. 567) And, when asked, "[b]ased upon ... observations [in a social setting during 1986], do you have an opinion as to whether or not Mrs. Covell was competent to make important decisions for her own life?", Dr. Harvey replied, "At the time I really thought she was."

According to Judge Stump's extensive findings of fact and conclusions of law, Erma's conservatorship was created solely because she was blind. (R. 345) The conservatorship was in no way based upon a mental deficiency. Not only did Judge Stump hear this case, he also heard the matter of Erma's conservatorship. Judge Stump held that, "the sole incapacity of Erma D.E. Covell on October 3, 1986, being her blindness, as shown by the evidence adduced in this proceeding, did not render her incompetent in any respect, to make a valid election to take against the will of Harry M. Covell." (R. 264) Judge Stump was able to review the evidence and witnesses first hand therefore we defer to his judgment. *Wurm, supra.*

The next question becomes, even if she was mentally competent, can she, on her own, elect against the Will or must her conservator make such an election in her behalf? Erma's conservatorship was created under I.C. 29-1-18. Within that chapter, the only actions of a ward which are void are contracts, sales, or conveyances. By negative inference, the election against a Will by a ward is valid. On a related issue, an incompetent may make a valid Will. *See Emry v. Beaver* (1922), 192 Ind. 471, 137 N.E. 55, 56 and *Marx v. State* (1957), 236 Ind. 455, 141 N.E.2d 126, 129. These factors, taken together with the fact that Erma's conservatorship was created solely due to her blindness, compel us to agree with Judge Stump, that Erma legally was capable of making her own election against Harry's Will.

In addition to Erma's own election, the court ordered the conservator Bank to make such election in her behalf, which the Bank did on May 9, 1988. The court may make such an order pursuant to I.C. 29-1-3-4. We would note that I.C. 29-1-3-4 states that if a spouse is incompetent, the court may order the conservator to elect against the Will. It neither says that an incompetent may not elect against a Will on her own, nor that if such incompetent does so elect, the election is void.

The court had a duty to supervise and approve the guardian's actions, both when the petition to elect against the Will was approved by the court and when the Will was probated. Judge Stump has fulfilled this duty. He has made it clear that it was in Erma's best interest to elect against Harry's Will and has accomplished that objective by approving her personal election and by ordering the conservator to file an election in her behalf.

The Bank's ordered election was timely filed according to I.C. 29–1–3–2, which states that if litigation is pending to determine any matter of fact or law which would affect the amount of the share to be received by the surviving spouse, the election "shall not be barred until the expiration of thirty (30) days after the final determination of the litigation." The Bank filed the election five days after the final determination of such litigation. We hold that I.C. 29–1–3–2 applies to an incompetent spouse's conservator's actions, as well as to a spouse who personally exercises his right to elect against a Will.

We find that the election against Harry's Will is valid because Erma was mentally competent and timely filed her personal election. The Bank's timely filed election in Erma's behalf was unnecessary but did not harm Erma's election against Harry's Will. We affirm the trial court.

CONOVER, P.J., and HOFFMAN, J., concur.