**In the Matter of Marvin E. CLANIN.**

**No. 48S00–9005–DI–344.**

Supreme Court of Indiana.

Aug. 19, 1993.

Martin E. Risacher, Church Church Hittle & Antrim, Noblesville, for respondent.

Charles M. Kidd, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent, Marvin E. Clanin, has been charged in a single count complaint, with engaging in conduct in violation of Rules 1.15, 8.4(b), and 8.4(c) of the *Rules of Professional Conduct for Attorneys at Law.* In accordance with Ind.Admission and Discipline Rule 23, the Honorable Robert L. Barnet was appointed as Hearing Officer in this case and has tendered his report which includes findings of fact, conclusions of law, and a recommendation of sanction. The Disciplinary Commission has petitioned for review objecting to a specific conclusion of law and the recommendation of sanction. Both parties have briefed their respective positions. The Court commends the Hearing Officer and the attorneys in this proceeding on the extraordinary quality of their work.

Noting that neither party has challenged the findings portion of the Hearing Officer's Report, we now adopt the Hearing Officer's findings of fact. Accordingly we find that the Respondent is a sixty-three year old sole practitioner in Anderson subject to the professional disciplinary jurisdiction of this Court. On or about April 14, 1986, Respondent was appointed as the Executor of the estate of Mary L. Klus who had died testate on April 12, 1986. He also served as attorney for the estate. On October 6, 1989, the heirs, by counsel, filed a petition for Respondent to show cause why he should not be removed as Executor. On November 27, 1989, Respondent was ordered to inventory the assets of the estate. On December 1, 1991, Respondent filed a list of assets in which he admitted taking in

excess of fifty-four thousand dollars from the estate as an alleged loan. Such funds were unauthorized and converted by the Respondent to his own use for office expenses and medical bills. Respondent was removed as Executor and, thereafter, the Court determined that, with other shortages and interest, the Respondent owed the estate in excess of sixty-four thousand dollars. On December 18, 1991, Respondent paid the full amount assessed.

■ By reason of the above findings of fact, this Court, as did the Hearing Officer, concludes that Respondent, while serving as a fiduciary, failed to hold property belonging to another separate from his own, failed to maintain a separate account with appropriate safekeeping, and failed to promptly render a full accounting; such conduct violated Prof.Cond.R. 1.15. Additionally, Respondent engaged in a pattern of taking funds from the Klus estate without legal authority. This taking constituted a commission of a criminal act, to-wit: conversion under IC 35–43–4–3, which reflects adversely on Respondent's honesty, trustworthiness and fitness as a lawyer, in violation of Prof.Cond.R. 8.4(b). Lastly, Respondent converted estate funds by a series of withdrawals over a period of years. During this period of time, Respondent never revealed his removal of money to the Klus heirs or to the court. This conduct constituted deceit and misrepresentation in violation of Prof.Cond.R. 8.4(c).

■ It is now the duty of this Court to assess an appropriate disciplinary sanction. This involves consideration of the following factors:

a) the duty violated;

b) the lawyer's mental state;

c) the actual or potential injury caused by the lawyer's misconduct; and

d) the existence of aggravating or mitigating factors.

*In re LaCava* (1993), Ind., 615 N.E.2d 93; *In re Ortiz* (1992), Ind., 604 N.E.2d 602; *In re Reed* (1992), Ind., 599 N.E.2d 601.

In the excellent report tendered to this Court, the Hearing Officer has made extensive findings of fact and conclusions directed toward the issue of sanction. These findings, which are not challenged by the Commission, establish that, prior to the incident involved in this case, Respondent enjoyed an excellent reputation in the legal community; there were no prior disciplinary actions taken against the Respondent, and the misconduct found in this case was an aberration in his professional career. During the period of time that Respondent engaged in misconduct, he was suffering from an array of serious health problems which caused significant financial difficulties for him and his family. Respondent was twice hospitalized for congestive heart failure. He suffered from diabetes, peripheral neuropathy, congestive heart disease, arterial fibrillation, cardiomyopathy, cataracts, and the complications associated with such illnesses. Respondent took numerous prescription drugs and, ultimately, health insurance carriers declined to cover Respondent. In the last year, Respondent's health has improved largely due to the improvement in his diabetic condition. However, he remains unable to do any work involving much physical exertion or labor, is required to spend five thousand dollars ($5,000.00) annually on medication, and is effectively uninsurable. Respondent and his wife are without sufficient assets to survive independently and other than continuing in the legal profession, Respondent is unemployable.

The Hearing Officer specifically found that the Respondent has made full restitution and is viewed as an asset by the members of the local legal community. The Hearing Officer further concluded that the Respondent is genuinely remorseful, regrets his breach of trust, and is unlikely to again engage in misconduct as found in the disciplinary case now before this Court.

Considering the mitigation present and measuring it against the aggravating circumstances, the Hearing Officer concluded that the facts in mitigation far outweighed the aggravating circumstances. Along these lines, the Hearing Officer recommended that Respondent be suspended for a period of six months and automatically reinstated to the practice of law under

strict probation for a period of two years. The Disciplinary Commission objects to this conclusion and recommendation of sanction.

■ This Court is not bound by the recommendation of the Hearing Officer. *In re Ortiz, supra; In re Rajan* (1988), Ind., 526 N.E.2d 1185; *In re Brown* (1987), Ind., 511 N.E.2d 1032. We find the Commission's objection in this regard well taken. Our obligation to preserve continuing confidence in the judicial system warrants the imposition of a sanction greater than as recommended by the Hearing Officer.

■ The duty to safeguard a client's funds is crucial to the practice of law; a violation of professional standards in this regard is extremely serious. *In re Brault* (1984), Ind., 471 N.E.2d 1124. The present case does not involve an innocent commingling of funds; Respondent converted the funds of his client to the Respondent's personal use. Respondent's judgment may have been clouded by his personal problems, but he still engaged in a criminal act that reflects adversely on himself and the entire legal profession. In the end, Respondent's client, the estate, was not harmed, but the potential for harm is obvious.

■ Were it not for the extraordinary mitigating circumstances found in this case, Respondent's violation of the duties owed to his client would warrant a very serious sanction. See, American Bar Association *Standards for Imposing Lawyer Discipline*, Standard 4.0. However, in that Respondent appears to be a good candidate for rehabilitation, we conclude that a lessor period of suspension, coupled with appropriate supervision upon reinstatement, adequately sanctions Respondent for his professional misconduct.

It is therefore ordered that by reason of the professional misconduct found in this case, the Respondent, Marvin E. Clanin, is hereby suspended from the practice of law in the State of Indiana for a period of one year effective September 15, 1993. Following his suspension, the Court will entertain a petition for reinstatement conditioned on a term of strict supervision and probation.

Costs of this proceeding are assessed against the Respondent.