In the Matter of Albert E. PUTSEY.

No. 66S00–9305–DI–511.

Supreme Court of Indiana.

May 12, 1994.

Albert E. Putsey, pro se.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

DISCIPLINARY ACTION

PER CURIAM.

The Respondent in this disciplinary action, Albert E. Putsey, was initially charged with

violating Ind.Professional Conduct Rule 1.5(a), by billing an unreasonable fee, and Prof.Cond.R. 1.4(a), by failing to keep his clients reasonably informed. In accordance with Ind.Admission and Discipline Rule 23, a hearing was conducted by a Hearing Officer appointed by this Court. Although the Respondent had notice of the such hearing, he failed to appear and the case was heard in his absence. At the conclusion of the hearing, the Hearing Officer granted the Disciplinary Commission's motion to amend the pleadings to conform to the evidence. The report of the Hearing Officer and his order amending the pleadings was duly served on the parties. Neither the Disciplinary Commission nor the Respondent has petitioned for review. The Disciplinary Commission has filed a memorandum on sanction for this Court's consideration.

This Court now finds that on May 7, 1992, Respondent met with Doris Ann Weaver (Weaver) and her mother at his office for Respondent's representation of Weaver in a bankruptcy proceeding. Weaver's parents had just completed a bankruptcy with Respondent so Weaver was familiar with what materials and documents were needed. At the meeting, Weaver brought a complete list of creditors, addresses, account numbers and balances. Respondent was retained and paid Two Hundred Forty Dollars ($240.00) as partial payment of a fee of Five Hundred Fifty Dollars ($550.00). Respondent advised Weaver that the necessary papers would be prepared and presented for her signature within a few weeks.

Respondent did not prepare the papers as promised. Weaver, who was employed by a bank, began receiving telephone calls at work from creditors. She informed her creditors to contact the Respondent, but still received many calls. This was a source of embarrassment to her to receive calls at the bank. Before July 1992, Weaver called Respondent and left a message to the effect that she wished to reaffirm a debt secured by a lien on her automobile. Weaver referred this creditor to Respondent. Respondent took no action and the automobile was repossessed and Weaver was charged for the deficiency between the outstanding indebted and the sale price of the repossessed collateral.

Throughout the summer and fall of 1992, Weaver and her mother attempted to contact Respondent to determine the status of the bankruptcy proceeding. Weaver's mother sent a certified letter, but it was returned unclaimed. Weaver was never able to speak directly with Respondent, but left messages on his office answering machine. Weaver's mother was able to speak directly with Respondent on three or four occasions, but the Respondent only informed her that Weaver should not worry about the matter.

In February 1993, within days of receiving notice from the Disciplinary Commission that Weaver's grievance was being treated as a misconduct matter, Respondent personally appeared at Weaver's apartment in Rochester, Indiana. He again obtained the information that Weaver had provided during the May 1992 meeting. Respondent promised that he would have the completed bankruptcy papers for her signature by the following Tuesday.

Respondent never presented any papers to Weaver for signature. Weaver employed other legal counsel to assist in the bankruptcy proceeding. The week before the hearing in this disciplinary action, Respondent refunded to Weaver's counsel the Two Hundred Forty Dollars ($240.00) that Weaver had paid.

As noted above, the Hearing Officer amended the pleadings to conform to the evidence. On this basis, the Hearing Officer concluded that Respondent failed to act with reasonable diligence, failed to keep his client reasonably informed and respond to reasonable requests for information, and charged an unreasonable fee. The Hearing Officer concluded that the Respondent violated Prof.Conduct.R. 1.3, 1.4(a), and 1.5(a).

 It is our assessment that this case does not present an issue as to the appropriateness of the fee charged by Respondent. The Respondent failed to act with reasonable diligence and failed to keep his client reasonably informed about the status of the case, but such misconduct does not establish that the fee initially assessed was inappropriate.

The issues of diligence and response are questions of performance. The criterian to determine the reasonableness of a fee for legal services, as set forth under Prof. Cond.R. 1.5(a), measure the value of the service. Here, the fee assessed by Respondent and agreed to by his client was an appropriate measure of the value of the anticipated professional services. Accordingly, we now conclude that Respondent failed to act with reasonable diligence in violation of Prof. Cond.R. 1.3, and failed to keep his clients reasonably informed about the status of the case, and by that, violated Prof.Cond.R. 1.4(a). We find no violation of Prof.Cond.R. 1.5(a).

██ Having found misconduct, it is now the duty of this Court to determine the discipline to be administered. This involves consideration of several factors, including the duty violated, the lawyer's mental state, the actual or potential injury caused by the misconduct, and factors in aggravation and mitigation. *In re Clanin* (1993), Ind., 619 N.E.2d 269.

In the present case, Respondent owed his client the duty of timely and considerate performance. Clearly, Respondent failed in this regard. It is equally clear that Respondent chose to ignore his client. He did not even respond to the reasonable requests for information. Respondent's inaction and neglect led to embarrassment and financial loss by his client. There is no explanation for this behavior or mitigation of this conduct.

We also note that this is not the first time that Respondent has been disciplined by this Court for professional misconduct. In July 1989, under a conditional agreement tendered by the parties, Respondent was issued a private reprimand for neglect in an estate matter. Apparently, Respondent still does not appreciate the significance of his duties owed to his clients. His failure to appear at the hearing in this case or otherwise participate in a cooperative effort to resolve this matter further convinces us that strong discipline must be imposed.

It is therefore ordered that, by reason of the violation of the Rules of Professional Conduct for Attorneys at Law found in this case, the Respondent, Albert E. Putsey, is now suspended from the practice of law for a period of six months beginning June 17, 1994. At the completion of the period of suspension, reinstatement shall not be automatic. Respondent must petition for reinstatement in conformity with Admis.Disc.R. 23(4).

Costs of this proceeding are assessed against the Respondent.