**In The MATTER OF David Smith BATES.**

No. 98S00–9109–DI–675.

Supreme Court of Indiana.

June 29, 1994.

Kevin P. McGoff, Kiefer & McGoff, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

This case is before us on a single count complaint for disciplinary action charging the Respondent, David Smith Bates, with violations of Disciplinary Rules 1–102(A)(4) and (5), 7–102(A)(5), and 9–102(B)(4) of the *Code of Professional Responsibility for Attorneys at Law*, now superseded by the *Rules of Professional Conduct for Attorneys at Law*.

The Respondent was admitted to the practice of law in Indiana during 1967 and was admitted in the State of California during 1971. The alleged misconduct took place in the State of California during 1985. On December 3, 1990, the Supreme Court of California suspended Respondent from the practice of law in that state for three (3) years, only six (6) months of which were an actual suspension, with the remaining term being a supervised probation.

Upon the filing of the verified complaint in this Court, a hearing officer was appointed pursuant to Admission and Discipline Rule 23, and, after a hearing thereon, he tendered his *"Findings of Fact, Conclusions of Law and Recommendation and Report."* Subsequently, the parties jointly petitioned to reopen the record of proceedings in order to submit additional evidence indicating Respondent's successful completion of the terms of his probation. We grant their joint petition and will consider the additional evidence.

Based upon the hearing officer's report and pursuant to Admis.Disc.R. 23(2)(b), this Court entered an order on May 16, 1994, suspending the Respondent. This opinion sets out more fully the nature of Respondent's acts and the violations of professional standards.

■ We find that in August 1983, Shahriar Sarkeshik (Sarkeshik) hired the Respondent to represent Sarkeshik in a personal injury action. In May 1985, Respondent received from Sarkeshik an insurance company medical expenses draft for $2,000, payable to and endorsed by Sarkeshik. Respondent deposited the $2,000 into his client trust account and represented to his client that from that total he would deduct $370.25 for costs and $400 as fees, and would pay the balance of $1,229.75 to Sarkeshik as soon as the draft cleared the bank.

Respondent failed to disburse the funds as promised and, between June 5, 1985, and October 31, 1985, he withdrew $1,182.34 from the account and misappropriated the same. Of the total, $700.60 was willfully misappropriated and $529.15 was misappropriated by Respondent reimbursing himself without authority to do so. In October or November of 1985, Sarkeshik discharged the Respondent. Sometime in 1986, Respondent misrepresented to the successor counsel for Sarkeshik that the insurance draft was deposited in the trust account "where it remains pending disposition." This was false, in light of Respondent's earlier misappropriation of approximately $1,200 of the funds.

At the time in issue, Respondent was an alcoholic, a factor the Supreme Court of the State of California found pivotal in its decision to suspend Respondent for a relatively brief period and allow him to practice under specific conditions of probation. The Supreme Court of California noted that numerous witnesses had testified as to Respondent's commendable and successful efforts to rehabilitate himself, including intensive, lengthy, and continuing participation in Alcoholics Anonymous. That court also took note of the fact that Respondent had no previous incidents of professional misconduct and had a reputation in the legal community for competence and integrity.

During the period of probation, Respondent was audited by an accountant quarterly. The trust account during the time monitored contained about $300,000 to $400,000 annually. The California Bar monitor assigned to Respondent provided information indicating Respondent's exemplary compliance with the conditions of probation. With the filing of his last quarterly report on January 10, 1994, Respondent successfully completed the terms of his probation in the State of California. We find, as did the hearing officer, that Respondent has effectively dealt with his ad-

diction to alcohol, he has had significant sums pass through his trust accounts without any incidents of impropriety, and he has passed the Multistate Professional Responsibility Examination.

From the foregoing findings, we conclude that Respondent engaged in the charged misconduct. He made false statements of material facts, he failed to promptly pay to a client funds to which the client was entitled, he engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, and he engaged in conduct prejudicial to the administration of justice, all in violation of Disciplinary Rules 1–102(A)(4) and (5), 7–102(A)(5), and 9–102(A)(5) of the *Code of Professional Responsibility for Attorneys at Law.*

■ In assessing an appropriate sanction, this Court considers several factors: the nature of the offense, the duty breached by the Respondent, his state of mind, the actual or potential injury caused by the misconduct, the risk to the public, the duty of this Court to preserve the integrity of the profession, and any mitigating and aggravating factors. *Matter of Clanin* (1993), Ind., 619 N.E.2d 269; *Matter of Cawley, Jr.* (1992), Ind., 602 N.E.2d 1022. The very nature of Respondent's offense, misappropriation of client's funds, indicates a serious breach of professional duties necessitating a strict sanction. However, this Court is also mindful of the extensive mitigating factors, Respondent's diligent efforts at rehabilitation, and his successful completion of professional probation in the State of California. We are persuaded by the fact that since the imposition of the California sanction in 1990, Respondent has successfully completed 2½ years of monitored probation and has remained alcohol free. In light of this, we accept the hearing officer's recommendation that we impose a sanction coterminous with the sanction imposed by the Supreme Court of California. As stated in our Order of May 16, 1994, Respondent, David Smith Bates, is suspended from the practice of law in this state for a period of six (6) months, beginning May 16, 1994, after the expiration of which he shall be automatically reinstated.

Costs of this proceeding are assessed against the Respondent.