**In the Matter of Albert E. PUTSEY.**

No. 66S00–9508–DI–948.

Supreme Court of Indiana.

Jan. 10, 1997.

*ORDER FINDING MISCONDUCT AND IMPOSING SUSPENSION*

SHEPARD, Chief Justice.

This case comes before this Court upon the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* wherein the Commission charges that the respondent violated several provisions of the *Rules of Professional Conduct for Attorneys at Law.*

The hearing officer appointed by this Court has heard evidence and submitted his report. We adopt his findings and now find that a client retained the respondent in 1993 to file a petition for bankruptcy on his behalf and to defend him against a civil claim. Thereafter, the client attempted to contact the respondent by telephone, but was unable to reach the respondent or to obtain information regarding his cases. The bankruptcy trustee filed a motion to dismiss the bankruptcy action in October 1993. The respondent failed to inform his client of the hearing on the motion to dismiss, failed to appear on the scheduled hearing date, and failed otherwise to respond to the trustee's motion. The respondent failed to inform the client of the bankruptcy action's eventual dismissal. The respondent did file a motion to dismiss the civil action pending against his client, but failed to take any action thereafter. Further, he provided to his client no explanation of the events in either case.

We now find that the respondent violated Ind.Professional Conduct Rule 1.3 by failing to act with reasonable diligence and promptness on behalf of his client; Prof.Cond.R. 1.4(a) by failing to keep his client reasonably informed about the status of the cases or to comply promptly with reasonable requests for information; Prof.Cond.R. 1.4(b) by failing to explain the bankruptcy matter to his client to the extent reasonably necessary to permit the client to make informed decisions regarding the representation; and Prof. Cond.R. 3.2 by failing to make reasonable efforts to expedite the bankruptcy proceeding.

This Court has disciplined the respondent twice before. He was privately reprimanded in 1989 and, in 1994, suspended for a period of not less than six months for neglecting a bankruptcy case. *In re Putsey,* 634 N.E.2d 497 (Ind.1994). His suspension pursuant to the 1994 case is still in effect, although the respondent filed a petition for reinstatement on April 17, 1995.

We find that, given the respondent's prior discipline for similar neglect, his present conduct warrants continued suspension from the bar of this state. Accordingly, we find that the respondent should be suspended from the practice of law for an additional period of six (6) months.

IT IS, THEREFORE, ORDERED that the respondent, Albert E. Putsey, be suspended from the practice of law in this state for an additional period of six (6) months, effective immediately. Accordingly, proceedings pursuant to his petition for reinstate-

704

ment are ordered stayed for a period of six (6) months from the date of this order.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, and to all other entities pursuant to Ind.Admission and Discipline Rule 23, Section 3(d), governing disbarment and suspension.

Costs of this proceeding are assessed against the respondent.

All Justices concur.