**In the Matter of Albert E. PUTSEY.**

**No. 66S00–0206–DI–309.**

Supreme Court of Indiana.

June 20, 2003.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action*, we find that the respondent engaged in attorney misconduct.

**Facts:** The hearing officer found that a client hired the respondent to represent him in a criminal proceeding. The respon-

dent learned that the client's mother was a key witness against the client and the state had listed her on its witness list. The respondent contacted the mother by phone and advised her that the state would subpoena her as a witness against her son. The mother testified that the respondent told her that if she was out of town for two weeks and the prosecutor could not find her to serve a subpoena, she would not have to testify against her son.

**Violations:** The respondent violated Ind. Professional Conduct Rule 3.4(a), which prohibits an attorney from unlawfully obstructing another party's access to evidence, and Prof.Cond.R. 8.4(d), which prohibits an attorney from engaging in conduct prejudicial to the administration of justice.

The respondent has been subject to prior disciplinary action on three occasions. *Matter of Putsey,* 66S00–8803–DI–334 (1989) (private reprimand); *Matter of Putsey,* 634 N.E.2d 497 (Ind.1994), (6 month suspension for failure to act with reasonable diligence and to keep client reasonably informed); *Matter of Putsey,* 675 N.E.2d 703 (Ind.1997) (6 month suspension for failure to communicate with client and to act with reasonable diligence during a representation).

The respondent has also been suspended three times for CLE violations: April 19, 1993; May 27, 1994; and April 17, 2001.

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of not less than two years, effective July 26, 2003, at the conclusion of which the respondent may petition this Court for reinstatement to the practice of law. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respon-

dent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Hon. J. Philip McGraw, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

All Justices concur.