**In the Matter of Lawrence J. BRODEUR.**

**No. 07S00–9606–DI–443.**

Supreme Court of Indiana.

Dec. 12, 1996.

Lawrence J. Brodeur, Nashville, Duge Butler, Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The Disciplinary Commission has charged the respondent, Lawrence J. Brodeur, with neglecting the legal matters of two clients. He and the Commission have agreed upon resolution of the pending charges, and that agreement is now before us for approval.

The respondent was admitted to the bar of this state in 1979. Under Count I of the Commission's *Verified Complaint,* the parties now agree that a client contacted the respondent to represent her in a chapter 7 petition for bankruptcy, paying him in advance his entire fee of $520 on August 11, 1992. One hundred and twenty dollars of that was earmarked to pay the filing fee, but the respondent never placed the $120 in his attorney trust account. He also failed to return or acknowledge the client's later telephone calls and visits to his office to learn the status of her case. Later, after discovering that the respondent had not filed the bankruptcy petition, she asked him to provide her with a letter stating that he was her attorney. He did so on May 25, 1993, stating:

> I am representing [client], concerning the filing of a Chapter 7 Petition for Bankruptcy. I am in the course of investigating a claim against [client], relating to an automobile accident. After that investigation

is complete, the Petition for Bankruptcy will be filed. If you have any questions concerning this matter, please give me a call.

The respondent thereafter failed to file the petition, and accepted employment as a chief deputy prosecuting attorney in another county in January 1994. The client later attempted to contact him at his new office, but he failed to return her call. She filed a grievance with the Commission in February 1994. The respondent returned to her paperwork relating to her bankruptcy, along with the $520 advance fee on November 15, 1994.

We find that the respondent failed to act with reasonable diligence and promptness while representing the client and therefore violated Rule 1.3 of the *Rules of Professional Conduct for Attorneys at Law.* By failing to respond to the client's repeated requests for information about her case, the respondent violated Ind.Professional Conduct Rule 1.4(a) in that he failed to keep her reasonably informed about the status of her case and failed to promptly comply with her reasonable requests for information. He violated Prof.Cond.R. 1.15(a) by failing to hold money the client gave to him for the filing fee separate from his own property.

Under Count II of the complaint, the parties agree that another client retained the respondent in April of 1992 to file a bankruptcy petition on her behalf. The respondent told the client that he would not begin her case until she paid him a filing fee of $120 and a $200 retainer. They later agreed that the client would pay those amounts by installments. She paid small installments, which eventually totaled $275, to the respondent. The respondent never filed a petition for bankruptcy on her behalf.

In June 1993, the client spoke with another attorney and told him of her dissatisfaction with the respondent's lack of action. The attorney contacted the respondent about the client's concerns. The respondent told the attorney that he would return to the client the money she had paid to him. However, he had not done so by August 30, 1994, the date the client filed a grievance against him with the Commission. On November 15, 1994, the respondent refunded the client's money.

We now find that by failing to take action on the client's behalf and by failing to adequately communicate with her about her case, the respondent violated Prof.Cond.R. 1.3 and 1.4(a). By failing to return the unearned fee to the client in a timely manner, the respondent violated Prof.Cond.R. 1.16(d).

Procrastination is perhaps one of the most widely resented professional shortcomings, and is especially troublesome when it occurs where a client is seeking prompt legal relief. The respondent's inaction and inattention no doubt caused his clients significant anguish and inconvenience and deserves admonishment. The respondent and the Commission have agreed that the respondent should be publicly reprimanded for his misconduct. We agree and therefore approve the parties' agreement.

Accordingly, the respondent, Lawrence J. Brodeur, is hereby reprimanded and admonished for the misconduct set out above.

Costs of this proceeding are assessed against the respondent.