### In the Matter of Robert E. LOVE.

### No. 02S00–9102–DI–140.

Supreme Court of Indiana.

Dec. 18, 1996.

Robert E. Love, J. Frank Kimbrough, Fort Wayne, for Respondent.

Donald R. Lundberg, Executive Secretary, Donna McCoy Spear, Staff Attorney, India-

---

napolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

In a *Statement of Circumstances and Conditional Agreement for Discipline,* the respondent in this disciplinary action has admitted that he neglected the legal matters of two clients and has agreed to a public reprimand for that misconduct. We approve the tendered agreement, and herein set forth the facts and circumstances of this case.

The respondent's admission to the bar of this state in 1985 subjects him to the disciplinary jurisdiction of this Court. Pursuant to Count I of the *Second Amended Verified Complaint* underlying this action, the Commission and the respondent agree that on December 18, 1989, the respondent accepted a $1,500 retainer to represent a client in six criminal actions pending in Steuben County, said retainer being paid by the client's fiancée. The respondent told the fiancée that he would file an appearance on behalf of the client "in the very near future." He never did so and thereafter failed to return promptly to the fiancée the $1,500 retainer after she requested that he do so.

By failing to inform the client or the fiancée of the basis or rate of his fee, the respondent violated Rule 1.5(b) of the *Rules of Professional Conduct for Attorneys at Law.*[1] By failing to act with reasonable diligence and promptness in representing his client, the respondent violated Ind.Professional Conduct Rule 1.3.[2] By failing to keep his client reasonably informed about the status of a matter or to comply promptly with reasonable requests for information, the respondent violated Prof.Cond.R. 1.4(a).[3] His conduct was prejudicial to the administration of justice and therefore violative of Prof. Cond.R. 8.4(d).[4] By otherwise violating the *Rules of Professional Conduct,* the respondent violated Prof.Cond.R. 8.4(a).[5]

Under Count II of the complaint, the parties agree that in May 1990, the respondent accepted a $450 retainer to prepare a petition for sentence modification for a criminal defendant. The defendant's grandmother paid the sum to the respondent. After receipt of the fee, the respondent informed the grandmother that he would begin representation immediately. However, he never filed the petition or entered an appearance. The grandmother attempted repeatedly to contact the respondent but was unable to ever communicate directly with the respondent or to learn of the status of the contemplated action. By his conduct in Count II, the respondent violated Prof.Cond.R. 1.3, 1.4(a), and 8.4(d).

The Commission and the respondent have agreed that the respondent should be publicly reprimanded for his misconduct. Initially, this Court was disinclined to accept the parties' agreement until the respondent demonstrated that he had refunded to the clients or their sponsors the fees they had paid, plus interest accruing from the date of payment. The respondent has now shown that, in Count I, he refunded such amounts and that he has made a diligent effort to refund the fees in Count II.[6] Satisfied as to the issue of

---

**1.** Professional Conduct Rule 1.5(b) provides:

When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation.

**2.** Professional Conduct Rule 1.3 provides:

A lawyer shall act with reasonable diligence and promptness in representing a client.

**3.** Professional Conduct Rule 1.4(a) provides:

A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

**4.** Professional Conduct Rule 8.4(d) provides:

It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

**5.** Professional Conduct Rule 8.4(a) provides:

It is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.

**6.** The respondent to date has been unable to refund the fee in Count II because he has been unable to locate either the defendant or her sponsor. The *Conditional Agreement* states, however, that the respondent "stands ready, willing, and able to repay, if and when either [the defendant] or the [sponsor] is located."

restitution, we note also that the agreed sanction comports with that suggested by the American Bar Association in cases of isolated client neglect. *See* ABA *Standards for Imposing Lawyer Sanctions,* Standard 4.44 (stating "Admonition is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to the client.") The respondent admits and recognizes his neglect, conceding in Count I that he failed properly to move to terminate the representation and, in Count II, acknowledging that he should have better communicated with his client.

It is, therefore, ordered that the respondent, Robert E. Love, be reprimanded and admonished for the misconduct occurring in this case.

Costs of this proceeding are assessed against the respondent.

David L. Martenet, Duge Butler, Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Commission.