In the Matter of John J. HALCARZ, Jr.

No. 45S00–9901–DI–4.

Supreme Court of Indiana.

June 18, 1999.

Kenneth L. Anderson, Highland, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM

The Indiana Supreme Court Disciplinary Commission, in a *Verified Complaint for Disciplinary Action*, charged the respondent, John J. Halcarz, Jr., with several violations of the *Rules of Professional Conduct for Attorneys at Law* arising out of the respondent's failure to file an appellate brief and subsequent failure to keep the client informed. This case is before us for approval of a *Statement of Circumstances and Conditional Agreement for Discipline* tendered by the parties pursuant to *Ind.Admission and Discipline Rule 23(11)(g)*. The agreement calls for the imposition of a public reprimand. After considering the matters before us, we have decided to approve the agreement.

The respondent was admitted to the bar of this state on September 26, 1972, and is thus subject to this court's disciplinary jurisdiction. We find the agreed facts to be as follows: On October 10, 1995, the client hired the respondent to file a Motion to Correct Errors in the client's dissolution case. The Motion to Correct Errors was denied, and the client hired respondent to prepare an appeal. The respondent filed a praecipe for the record of the proceedings on December 4, 1995. The respondent advised the client that his fee for the appeal would be $2,500, but did not clearly advise the client that he would not file the appellate brief until the attorney fee was paid in full.

■ The respondent filed the record on June 4, 1996, though the client had not paid any part of respondent's fee. The appellate brief was due on July 5, 1996. The respondent did not file an appellate brief, did not seek an extension of time, and did not advise the client about these matters. The Court of Appeals dismissed the appeal on August 12, 1996, for lack of a timely appellate brief. The respondent did not withdraw from the case. The respondent failed to notify the client that the Court of Appeals had dismissed the appeal, explain the dismissal, or advise the client that he could seek rehearing or transfer of the dismissal order. We find that the foregoing findings clearly and convincingly establish that the respondent violated *Prof.Cond.R. 1.3*. Said rule provides:

**Rule 1.3** A lawyer shall act with reasonable diligence and promptness in representing a client.

The respondent also violated *Prof.Cond.R. 1.4(a) and (b)* by failing to advise the client the appellate brief had not been filed, the fact that the appeal had been dismissed, and that other remedies might be available to the client. These sections of the rule provide:

**Rule 1.4(a)** A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

**Rule 1.4(b)** A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

■ Upon concluding that the respondent engaged in professional misconduct, we must now assess the appropriateness of the agreed discipline, that being a public reprimand. Having undertaken the appeal, the respon-

dent had a professional obligation to either complete the task for which he was hired or promptly inform the client of his intent not to pursue the appeal and of the client's remaining options.

 In assessing the adequacy of a disciplinary sanction, this Court also considers aggravating and mitigating circumstances. *See, e.g., Matter of Christoff and Holmes,* 690 N.E.2d 1135 (Ind.1997); *Matter of Darling,* 685 N.E.2d 1066 (Ind.1997); *Matter of Conway,* 658 N.E.2d 592 (Ind.1995). Here, in mitigation, the parties agree that the respondent has cooperated with the Commission in the course of these proceedings. We are further mindful that this is a single incidence of misconduct and is the first disciplinary proceeding against the respondent since his admission to the Indiana Bar in 1972. These mitigating factors and the fact that agreed dispositions of disciplinary matters are to be encouraged [1] persuade us that the proposed disciplinary sanction is appropriate under the circumstances of this case. Further, a public reprimand comports with disciplinary sanctions imposed by this Court for similar misconduct.[2] Accordingly, we approve the tendered agreement.

It is, therefore, ordered that the respondent, John J. Halcarz, Jr., is hereby reprimanded and admonished for the professional misconduct exhibited in this case.

The clerk of this Court is directed to provide notice of this order in accordance with *Admis.Disc.R. 23(3)(d)* and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerk for each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against the respondent.

---

**1.** *Admission and Discipline Rule 23, Section 11(c).*

**2.** *See, e.g., Matter of Brodeur,* 674 N.E.2d 164 (Ind.1996); *Matter of Love,* 674 N.E.2d 547 (Ind. 1996).