**In the Matter of C. Kenneth WILBER.**

**No. 71S00–9901–DI–3.**

Supreme Court of Indiana.

June 13, 2000.

C. Kenneth Wilber, pro se.

Donald R. Lundberg, Executive Secretary, D.J. Mote, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

Attorney C. Kenneth Wilber agreed to attempt to recover a debt for a client, but then took no action, failed to respond to his client's repeated telephone calls, and neglected promptly to refund to the client unearned legal fees after the client settled the matter himself. We find that Wilber's actions violate the *Rules of Professional Conduct for Attorneys at Law.* For those violations, Respondent Wilber and the Disciplinary Commission agree that the respondent should be publicly reprimanded. That agreement is now before us for final approval.

Our jurisdiction in this case is a result of respondent's admission to the bar of this state on July 12, 1989.

The respondent and the Commission agree that in the spring of 1997, a client met with the respondent to discuss initiation of foreclosure proceedings on proper-

ty which secured a $10,000 loan the client had made to an estate. The respondent agreed to represent the client, and on March 19, 1997, he accepted a $500 retainer from the client. The respondent was to draw his fee of $125 per hour from the retainer. They agreed that the respondent would draft a demand letter to the personal representative of the estate, with a copy to the client.

After the March 19, 1997, meeting, the client did not hear from the respondent. He placed several telephone calls to respondent's office, but received no response. By late May 1997, the client, unable to reach respondent, directly contacted the attorney for the estate. The estate's attorney informed the client that neither he nor the personal representative of the estate had received any communication from respondent. The client negotiated with the attorney for the estate, without the assistance of respondent, and obtained payment of the loan in early June 1997.

After receiving the loan repayment, the client continued his efforts to contact the respondent to request a refund of any unearned legal fees. By the fall of 1997, the client had heard nothing from the respondent. He filed a grievance against the respondent on October 3, 1997, with the Disciplinary Commission. On October 28, 1997, the respondent tendered a check for $125 to the client as a refund of unearned attorney fees. The respondent had rendered three hours of legal services to the client.

■ Indiana Professional Conduct Rule 1.3 requires that lawyers act with reasonable diligence and promptness when representing clients. We find that the respondent violated Ind.Professional Conduct Rule 1.3 by failing to take any significant action in pursuit of his client's claim. Despite charging the client for three hours of legal services, the respondent never contacted the estate's attorney or personal representative or took any other meaningful action to advance his client's claim.

Later, after the respondent learned that the client had settled the claim, he failed to ensure that the client promptly received refund of unearned fees.

■ Indiana Professional Conduct Rule 1.4(a) requires lawyers to keep clients reasonably informed about the status of matters and promptly to comply with reasonable requests for information. The respondent, over a period of approximately seven months, failed to return the client's telephone calls or otherwise keep the client advised of the status of his claim. That neglect violates Prof.Cond.R. 1.4(a).

■ Professional Conduct Rule 1.16(d) provides that, upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect his clients' interests, including refunding any advance payment of fee that has not been earned. By failing timely to refund the $125 unearned retainer paid him by the client, the respondent violated Prof. Cond.R. 1.16(d).

■ Having found misconduct, we must now determine an appropriate discipline for it. The parties have agreed that a public reprimand is appropriate for the respondent's neglect. As an extenuating factor, they note that, after the respondent learned that the client had settled his claim, he instructed his staff to send a letter and refund check for $125 to the client. Although the letter was drafted, it was inadvertently placed in a file and not sent to the client. The respondent did not discover that the letter and check had not been mailed until he received notice of the grievance from the Commission.

Despite the mitigating factor, the respondent's overall effort on behalf of his client was substandard. He failed to communicate with his client while at the same time taking little or no action on what was a relatively simple matter. Had the respondent replied to the client's telephone calls, he may have discovered earlier that the client's refund check languished in the

file. Instead, the client's funds remained forgotten in the file.

■ Isolated instances of client neglect, without attendant misconduct or aggravating factors, generally warrant admonishment. See, e.g., *Matter of Halcarz*, 712 N.E.2d 964 (Ind.1999) (public reprimand where counsel failed to file an appellate brief and failed to notify the client that the appeal had been dismissed). Here, given the isolated nature of the respondent's neglect and the fact that the respondent at least attempted promptly to return the unearned fee, we approved the agreement tendered by the parties.

It is, therefore ordered, that C. Kenneth Wilber, Jr., is hereby admonished and reprimanded for the professional misconduct found herein.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.