### In the Matter of Robert E. LOVE, Respondent.

### No. 02S00–1408–DI–520.

Supreme Court of Indiana.

Oct. 23, 2014.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** *Count 1.* In March 2011, the Commission received a grievance from BJ, who asserted that she and her husband had employed Respondent in 2007 to represent their two sons in a suit to recover damages for injuries they had suffered in a school bus accident and that Respondent had kept money he had collected for her sons. In his response, Respondent said that it was his recollection that he had been discharged by the family before the case was settled. In August 2011, BJ and Respondent entered into a "Settlement Agreement," under which Respondent paid BJ $15,000 and BJ agreed that her grievance would be withdrawn. Accordingly, BJ wrote a letter to the Commission saying that she was "dropping my grievance" against Respondent.

During its investigation, the Commission filed a petition to show cause why Respondent should not be suspended for failure to respond to a subpoena duces tecum. Respondent then complied with the subpoena, and the case was dismissed as moot on January 13, 2012. (Cause No. 02S00–1111–DI–657.)

*Count 2.* In connection with another grievance, the Commission filed a petition to show cause why Respondent should not be suspended for failure to respond to a request for information. Respondent eventually complied with the request, and the case was dismissed as moot on November 8, 2013. (Cause No. 02S00–1307–DI–481.)

*Aggravating and mitigating facts.* The parties cite certain facts in mitigation, in-

cluding: (1) Respondent has acknowledged his misconduct, takes full responsibility for it, and is remorseful; (2) Respondent took steps to enlist BJ's cooperation in answering questions related to her grievance, but BJ's noncooperation hampered his ability to respond to her grievance; (3) Respondent's payment to BJ was intended to fully compensate her for a claim of loss that he could not independently verify; and (4) to ensure proper responses to future communications from the Commission, Respondent has provided consent to the Commission to send a copy of all communications relating to Commission business to Respondent's counsel for the next two years.

While the parties cite no facts in aggravation, the Court notes that Respondent received a public reprimand for prior misconduct. *See Matter of Love,* 674 N.E.2d 547 (Ind.1996).

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.1(b): Failure to respond in a timely manner to the Commission's demands for information.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. This discipline is within the range imposed in other cases involving similar misconduct. *See Matter of Blackwelder,* 615 N.E.2d 106 (Ind.1993). The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes a **public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.