**In the Matter of Michael T. CONWAY.**

**No. 49S00–9212–DI–1005.**

Supreme Court of Indiana.

Dec. 15, 1995.

Nancy L. Broyles, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for The Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

This attorney discipline matter is before us on a *Statement of Circumstances and Conditional Agreement for Discipline* tendered by Michael T. Conway, the respondent, and the Indiana Supreme Court Disciplinary Commission. The respondent is an attorney in good standing, having been admitted to the Bar of the State of Indiana on October 10, 1973. The Disciplinary Commission charged the respondent in a single count complaint with violating Rules 8.4(b) [1] and 8.4(c) [2] of the *Rules of Professional Conduct for Attorneys at Law.* The allegations emanate from the respondent's guilty plea and conviction in federal court on seven misdemeanor counts. The parties tender their conditional agreement pursuant to *Indiana Admission and Discipline Rule 23, Section 11(d).*

Having reviewed all matters tendered before us, we find that the agreement should be approved. In accordance therewith, we find that at all times relevant to this proceeding the respondent was a principal in an Indiana corporation, Crown Homes, Inc., which acquired and renovated deteriorated housing. Crown Homes, Inc. routinely sought and ob-

tained financing for their renovations through programs administered by the United States Department of Housing and Urban Development (HUD). In order to approve financing, HUD required that the borrower either pay a certain amount of cash at closing or have already completed renovation of sufficient value as to equal the amount of any required cash payment. This latter alternative was known as "work in place."

In anticipation of HUD-insured renovation financing, in November of 1987, Crown Homes, Inc. purchased five properties in Indianapolis. On May 26, 1988, Crown, through the respondent, closed on renovation loans from HUD, known as "section 203(k)" loans, for two of the five properties; on May 31, 1988, for a third property; and on October 27, 1988, for the fourth and fifth properties. At each closing, the respondent provided written assurance to HUD that he had paid cash into a construction escrow account sufficient to meet the HUD requirement. In fact, this had not been done for any of the five closings, and sufficient work had not been done on the properties to equal the amount of the required cash payments.

On June 15, 1988, Crown sold an unrelated property to a couple. The purchasers financed the purchase with a HUD insured mortgage obtained from National Mortgage Corporation of Indiana. At closing, the respondent, as agent for Crown, provided written assurance to HUD that Crown had agreed to pay the loan discount points for the purchasers. However, following closing, the respondent caused the purchasers to execute a promissory note wherein they agreed, *inter alia,* to repay to Crown an amount equal to the loan discount points paid by Crown at closing.

On October 17, 1988, Crown sold a second property not part of the above mentioned purchase. The sale also was financed through the National Mortgage Corporation of Indiana and insured by HUD. At this closing, the respondent, as agent for Crown, provided written assurance to HUD that the

1. *Prof.Cond.R. 8.4(b)* provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness and fitness as a lawyer.

2. *Prof.Cond.R. 8.4(c)* provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

purchasers had paid $2,000 in earnest money. In fact, $1,200 of the earnest money was not paid at the time of the closing but was paid within two months of closing.

As a result of these transactions, the respondent was charged by Information with seven violations of *Title 18, United States Code, Section 1012,* in the United States District Court, Southern District of Indiana at Indianapolis. These offenses are misdemeanors. The first five counts of the Information pertained to transactions surrounding the financing of the first five properties. They alleged that the respondent induced and influenced HUD to insure mortgage loans and willfully failed to disclose a special benefit which he expected to receive, that is receipt of mortgage loan proceeds without making cash down payments or "work in place" as required by HUD. The sixth and seventh counts of the Information pertained to the two properties sold by Crown through the respondent. These counts alleged that the respondent induced and influenced HUD to insure mortgage loans and willfully failed to disclose a special benefit which he expected to receive as a result of the contract, that is, receipt of mortgage loans on properties sold by him on which he had provided the earnest money and settlement costs to the buyers, in violation of HUD regulations.

The respondent pleaded guilty to all counts and was sentenced to a one year term of home detention with electronic monitoring. He was ordered to pay $19,733 to HUD in restitution. He was also debarred from further participation in HUD programs for five years, beginning December 19, 1990, and ending on December 18, 1995.

The agreed facts clearly and convincingly establish that the respondent engaged in the charged misconduct. The parties further agree that a suspension for thirty (30) days is appropriate discipline in this case. By way of mitigation, they agree that the respondent has had no prior disciplinary charges and no prior criminal history. In addition, the respondent has tendered a lengthy memorandum setting out the regulatory climate within which the violations took place, including misleading assurances made by a principal from National Mortgage Corporation of Indiana.

Upon examination of all of the surrounding circumstances, we find that the disciplinary sanction proposed by the parties is appropriate. In making this assessment, we examine the respondent's state of mind, the duty violated, actual or potential injury to the client, the duty of this court to preserve the integrity of the profession, the risk to the public, and any mitigating or aggravating factors. *Matter of Lustina* (1995), Ind., 647 N.E.2d 317; *Matter of Frosch* (1994), Ind., 643 N.E.2d 902; *Matter of Clanin* (1993), Ind., 619 N.E.2d 269. Although we likely would have imposed a more severe sanction in the absence of the conditional agreement, we have decided to approve in these circumstances. In particular, we note that the respondent's conduct did not involve breach of client trust nor did it interfere with the administration of justice. Ultimately, the five properties purchased by Crown through the respondent were renovated and made available as low income housing. In light of these circumstances and the benefits generally of resolving such matters without litigation, it is therefore ordered that the agreement of the parties is approved, and Michael T. Conway is hereby suspended from the practice of law for a period of thirty (30) days, beginning January 15, 1996. Costs of this proceeding are assessed against the respondent. Upon expiration of such period of suspension, the respondent shall be automatically reinstated subject to the payment of all costs assessed against him.

DICKSON, J., dissents and would suspend for no less than six (6) months.