**In the Matter of Jeffrey A. GOLDING.**

No. 64S00–9612–DI–752.

Supreme Court of Indiana.

Oct. 13, 1998.

Robert E. Stochel, Crown Point, for Respondent.

Donald R. Lundberg, Executive Secretary, Fredrick L. Rice, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission has charged that the respondent, Jeffrey A. Golding, violated the *Professional Rules of Conduct for Attorneys at Law* by neglecting the legal affairs of clients, failing to communicate with clients, failing to return materials to clients following termination of representation, and failing to respond to requests for information from the Disciplinary Commission. The respondent and the Disciplinary Commission have tendered a *Statement of Circumstances and Conditional Agreement for Discipline* in resolution of this matter. Our jurisdiction in this case is a result of the respondent's admission to this state's bar on October 14, 1988.

Under Count I of the *Verified Complaint for Disciplinary Action,* the parties agree that a client hired respondent to represent the interests of her daughter in a personal injury action in April 1993. Following initial meetings with the client and some preliminary work on the case, the respondent made no further efforts to pursue the claim. He failed to have any further contact with the client despite the client's numerous attempts to contact him. Even after receiving a subpoena from the Disciplinary Commission, the respondent failed to produce and return the client's documents.

Under Count II, the parties agree that the respondent was hired by a client on June 30, 1993, to pursue a medical malpractice claim. After filing a "Proposed Complaint" with the Indiana Department of Insurance, the respondent failed to answer interrogatories and other requests for information in pursuit of the claim with the result that the complaint was dismissed with prejudice for failure to prosecute. Between August 1993 and the beginning of 1995, the client made numerous attempts to contact the respondent seeking information on the status of her claim, without success. In addition, the respondent failed to return the client's medical records and other documents.

The parties agree under Count III of the *Verified Complaint* that the respondent was

hired by another client on October 18, 1993, to pursue medical malpractice claims against health care providers and a claim against the client's employer and employer's insurance carrier for decisions which left the client without insurance coverage for a surgical procedure. On January 26, 1994, the respondent prepared a complaint and filed it in the appropriate court and with the Indiana Department of Insurance. Opposing counsel served respondent with various discovery requests on February 16, 1994, and again on March 4, 1994. The respondent did not answer any of the discovery requests. The respondent also failed to attend a pre-hearing conference scheduled for December 7, 1994, which resulted in an order dismissing the case without prejudice. Pursuant to the provisions of the medical malpractice statute, the respondent commenced a separate action in Lake Superior Court against another provider. Thereafter, the remaining medical malpractice defendant petitioned in yet another separate action for summary judgment against the respondent's client and dismissal with prejudice for missing the applicable statute of limitations. The respondent did not file responses in any of these actions. The court, after holding a consolidated hearing, ruled against the respondent's client on the various motions in these proceedings. The respondent did not communicate the outcome of these cases to the clients. By letter dated July 24, 1996, the clients terminated the respondent's representation of them and requested return of documents they had turned over to him at the beginning of the representation. He failed to return any of the client's documents after his employment was terminated.

Under Count IV, the parties agree that the respondent accepted an employment-related case on July 29, 1996. Following some initial work on the case, the respondent failed to return numerous phone calls and letters written by the client asking for an update on his case. Finally, by letter dated February 1, 1997, the client terminated the respondent's representation and requested the return of case file materials. The respondent did not return the documents as requested.

Finally, under Count V, the parties agree that the respondent failed to respond to demands for information from the Disciplinary Commission concerning a December 10, 1996, grievance filed with the Commission. A second demand for information was sent to the respondent on February 20, 1997, and also went unanswered.

We find that through his repeated failure to act on his clients' behalves and his failure to keep clients informed of the status of their claims, the respondent violated Ind.Professional Conduct Rule 1.3[1] and Ind.Professional Conduct Rule 1.4(a) and (b).[2] The respondent's failure to return client materials when requested to do so also violated Ind.Professional Conduct Rules 1.15(a) and 1.16(d).[3] By failing to expedite and advance the medical malpractice claims, the respondent violated Ind.Professional Conduct Rule 3.2.[4] Finally, by failing to respond to the Disciplinary Commission's demands for information, the respondent violated Ind.Professional Conduct Rule 8.1(b).[5]

---

1. Indiana Professional Conduct Rule 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

2. Professional Conduct Rule 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. Professional Conduct Rule 1.4(b) requires that a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

3. Professional Conduct Rule 1.15(a) provides in part, that a lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Rule 1.16(d) requires a lawyer upon termination of his representation to take steps to the extent reasonably practicable to protect a client's interests, such as.. surrendering papers and property to which the client is entitled.

4. Professional Conduct Rule 3.2 provides that a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

5. Professional Conduct Rule 8.1(b) provides that a lawyer shall not fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority.

Having found misconduct, this Court must now assess the appropriateness of the agreed sanction. In so doing, this Court examines the circumstances surrounding the misconduct, the respondent's state of mind, the duty violated, any actual or potential injury to the client, the risk to the public, the duty of this Court to preserve the integrity of the legal profession, and any mitigating or aggravating factors. *Matter of Darling*, 685 N.E.2d 1066 (Ind.1997); *Matter of Conway*, 658 N.E.2d 592 (Ind.1995).

The parties have agreed that the appropriate sanction for the misconduct outlined in Counts I through V is a nine-month suspension from the practice of law at the conclusion of which the respondent will be allowed to petition for reinstatement. The parties agree that the respondent's failure to cooperate fully with the investigation, his failure to make any effort to assist his former clients in recovering their records, and the pattern of neglect indicated by the numerous counts of misconduct aggravate the charges. Factors in mitigation include the respondent's lack of prior discipline and disorganization stemming from two physical moves of his practice during the time period encompassing Counts I, II, and III.

The numerous offenses set out in this case reflect a pattern of serious neglect and inattention to client interests, as well as a disregard for the duty and authority of the Disciplinary Commission. As a result of the respondent's lack of diligence, clients were deprived of legal remedies or suffered inordinate delays in pursuing their claims. These unfortunate consequences aggravate the respondent's misconduct and call for a significant disciplinary sanction. In light of the foregoing consideration, we find that the agreed discipline is appropriate and that the agreement of the parties should be approved. Accordingly, the respondent, Jeffrey A. Golding, is hereby suspended from the practice of law for a period of nine months, beginning November 16, 1998. At the conclusion of this suspension, the respondent will be eligible to petition for reinstatement pursuant to Admis.Disc.R. 23(4).

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against respondent.