FOR THE RESPONDENT FOR THE INDIANA SUPREME COURT

DISCIPLINARY COMMISSION

Douglas F. Darling, 
pro se 
Donald R. Lundberg, Executive Secretary

Fredrick L. Rice, Staff Attorney

115 West Washington Street, Ste. 1060

Indianapolis, IN  46204

_________________________________________________________________

IN THE

SUPREME COURT OF INDIANA

IN THE MATTER OF )

)  Case No. 54S00-9612-DI-749

DOUGLAS F. DARLING )

_________________________________________________________________

DISCIPLINARY ACTION

_________________________________________________________________

Per Curiam

The Indiana Supreme Court Disciplinary Commission has charged that the respondent,  Douglas F. Darling, violated the 
Professional Rules of Conduct for Attorneys at Law 
by forging the signatures of notaries public on several documents which he later filed in court.   The Commission and the respondent have tendered for this Court’s approval a
 Statement of Circumstances and Conditional Agreement for Discipline
 in resolution of this case.
 
  Our disciplinary jurisdiction is conferred by the respondent’s admission to this state’s bar on December 13, 1994.  

Under Count I of the Commission’s 
Verified Complaint for Disciplinary Action,
 the parties agree that on October 1, 1995, a client hired the respondent to represent her in a divorce action.  On October 3, 1995, the respondent had the client sign
 a
 Verified Petition for Dissolution of Marriage 
which he had prepared
. 
 He later had her signature notarized by a secretary (the “secretary”) of a lawyer whose office was in the same building as the respondent’s.  The respondent filed the signed, notarized petition that same day in Montgomery Circuit Court.  On March 28, 1996, respondent filed three additional notarized documents pertaining to the case.  The signatures of the respondent’s client and her husband, which appeared on each document, indicated that they had been notarized by the secretary. In fact, the secretary had not notarized the three documents and the signature appearing on them was not her authentic signature.  Instead, the respondent signed the secretary’s name without her knowledge, consent or authorization. 

Under Count II of the Commission’s complaint
,
 the parties agree that on January 18, 1996, the respondent entered his appearance on behalf of the husband in a divorce proceeding pending in the Montgomery Superior Court.  Later, the respondent negotiated an agreement between the parties, which was reduced to an “Agreed Entry.”  Both the respondent’s client and the client’s wife signed the Agreed Entry.   The respondent then signed the document as a notary public utilizing the name of another secretary in the building in which his office was located without her knowledge, consent or authorization. 

Under Count III, the parties agree that on March 11, 1996, a client hired the respondent to handle an estate.  On the evening of March 12, 1996, the respondent met with one of two surviving heirs to the estate in order to obtain the heir’s signature on a consent for unsupervised administration of the estate,  which
 respondent had prepared for filing with the court.  The consent document required the heir’s signature to be notarized.  On May 28, 1996, the respondent filed the consent in the Montgomery Superior Court.  The heir’s signature indicated that it was notarized by the same secretary referred to in Count I, 
supra.
  In fact, the secretary did not notarize the heir’s signature on the document and the notary signature appearing on it was not her authentic signature.  The respondent had signed the secretary’s name without her knowledge, consent or authorization. 

We find that by forging the signatures of the notaries public on court documents, the respondent engaged in conduct which was dishonest, fraudulent and deceitful in violation of Ind.Professional Conduct Rule 8.4(c).
(footnote: 1)  By filing in the trial courts documents bearing forged notary public signatures, the respondent engaged in conduct that was prejudicial to the administration of justice in violation of Prof.Cond.R. 8.4(d).
(footnote: 2)
 Having found misconduct, this Court must now assess the appropriateness of the agreed sanction.  In so doing, this Court examines the surrounding circumstances, the respondent’s state of mind, the duty violated, actual or potential injury to the client, the duty of this Court to preserve the integrity of the profession, the risk to the public, and any mitigating or aggravating factors. 
 In re Conway, 
658 N.E. 2d 592 (Ind. 1995); 
In re Ragland, 
647 N.E. 2d 319 (Ind. 1995).  The analysis includes an examination of the nature and entire course of the respondent’s conduct.  
In re Grotrian
, 626 N.E. 2d 807 (Ind. 1994).  

The parties agree and submit that the appropriate sanction for the misconduct is a sixty-day suspension from the practice of law. Aggravating the respondent’s misconduct is the fact that, on June 3, 1996, after discovering the forged signatures in Counts I and III,  the judges of the Montgomery Circuit and Superior Court jointly confronted the respondent.  When asked if he had engaged in other instances of similar conduct, the respondent assured them that he had not when,  in fact, the forgery underlying Count II of the complaint had already been perpetrated.  On June 7, 1996, the superior court judge discovered the circumstances set forth in Count II and later confronted respondent with this information.  

In mitigation, we find that at the time of the misconduct, the respondent had only been a member of the Indiana bar for about one year and had been a solo practitioner for about eight months.  He has acknowledged and taken responsibility for his misconduct.   He points to a failure to take the time to adequately and thoroughly probe his recollection or to review his files as contributing to his failure initially to disclose the Count II forgery to the judges. After admitting his actions, the respondent attempted immediately to correct his misconduct by preparing new documents, properly signed and notarized, for filing with the courts.  He  asserts that his conduct was motivated by a desire to expedite the legal matters rather than an intent to deceive.

The accuracy of documents and instruments utilized by a tribunal in a proceeding is of the utmost importance to the administration of justice and fraudulent alteration of such documents by an officer of the court is therefore severe misconduct.  
In re Fisher
, 684 N.E.2d 197 (Ind. 1997).  Diminishing somewhat the culpability attaching to the respondent’s actions is the fact that he harbored no selfish motive beyond a simple desire to expedite litigation.  We also take into his account his relative inexperience in the practice of law and note that his clients were not harmed by his actions, aside from suffering modest delays in their actions.  Nonetheless, we do not regard lightly his transgressions, as they were the product of premeditated deceit, regardless of the specific motive underlying them. However, in light of our desire to encourage agreed resolutions and because a sixty-day suspension is within the range of acceptable sanctions in this particular instance given the mitigating circumstances presented, we accept the proffered discipline. 

Accordingly, the respondent, Douglas F. Darling, is hereby suspended from the practice of law for a period of sixty (60) days, beginning November 24, 1997.  At the conclusion of that period, he will automatically be reinstated, subject to the provisions of Admis. Disc. R. 23(4)(c).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc. R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against respondent.

Shepard, C.J., and Sullivan, Selby, and Boehm, JJ., concur.

Dickson, J., strongly rejects the agreed sanction as manifestly insufficient in light of the intentional deception of the court.

FOOTNOTES
1: 
 
Professional Conduct Rule 8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

2: 
Professional Conduct Rule 8.4(d) provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.