In the Matter of Bruce R. SNYDER.

No. 02S00–8906–DI–474.

Supreme Court of Indiana.

March 15, 1999.

Solomon L. Lowenstein, Jr., Fort Wayne, for Respondent.

Donald R. Lundberg, Executive Secretary, David B. Hughes, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

By neglecting two estates he was retained to represent and by failing to take action in civil actions he was hired to defend, the respondent, Bruce R. Snyder, violated this Court's ethical rules for attorneys. The Indiana Supreme Court Disciplinary Commission charged the respondent by a three-count verified complaint of violations of both the *Code of Professional Responsibility for Attorneys at Law*[1] and the *Rules of Professional Conduct for Attorneys at Law* in that he engaged in conduct involving dishonesty, deceit, or misrepresentation; he engaged in conduct prejudicial to the administration of justice; and he failed to act with reasonable diligence and promptness in representing his clients. The respondent and the Commission have tendered for our approval a *Statement of Circumstances and Conditional Agreement for Discipline* in resolution of this matter. Our jurisdiction in this case is derived from the respondent's admission to the bar of this state on September 25, 1963.

Under Count I of the *Verified Complaint for Disciplinary Action*, the parties agree that a client retained the respondent in March 1985, to defend two mortgage foreclosure actions and to collect an outstanding promissory note. In March 1987, the client asked the respondent to file his case, and paid the necessary filing fee. The respondent told his client he would file the case, prompting his client to provide him with a filing fee. After checking court records in July 1987, the client learned that his case had not yet been filed. After two attempts to arrange meetings with respondent, the client requested the return of his file, and the respondent complied in September 1987.

Under Count II, the parties agree that the respondent was hired to represent an estate in September 1987. After completing an inventory of the estate in December 1987, the respondent failed to respond to court orders to file the estate's 1986 and 1987 tax returns. Throughout 1989, 1990, and 1991, the heirs appeared by counsel to object or offer mo-

tions and petitions pertaining to the respondent's administration of the estate. In October 1991, the heirs filed an action against the respondent, which resulted in a settlement agreement whereby the respondent agreed to immediately release $14,000 to the heirs and pay $25,000 plus the costs of the heirs' lawsuit in exchange for a sixty day forbearance on pursuing the court action. When the respondent failed to meet his obligations under the settlement agreement, the heirs filed a stipulation of judgment in December 1991.

The parties agree that under Count III, the respondent was hired to assist in the administration of an estate in May 1994. The respondent failed to discuss with the personal representatives a fee arrangement at the outset of the representation, but assured them that the estate was not complicated and could be settled within five months. The personal representatives heard nothing further from respondent for six months. The respondent did file an inventory of the estate assets in September 1994, more than four months beyond the statutory time limit. When the respondent forwarded an Indiana Inheritance Tax Return and a closing statement reflecting his fees to the personal representatives, they became concerned by what they considered to be an excessive fee. One of the personal representatives met with respondent in November 1994 to discuss the fee. The personal representative asked for an itemized accounting and explanation of the fee. Five days after this meeting, the respondent sent an unitemized invoice which the personal representative paid fearing that the respondent would not close the estate until his fee was paid in full. The respondent failed to collect any of the estate's assets on behalf of the personal representatives, and at the time of the closing of the estate none of the estate assets had been transferred to the personal representatives or distributed to the heirs. Numerous attempts by the personal representatives to contact the respondent went unanswered, and eventually the per-

---

1. The *Rules of Professional Conduct* were adopted by an amendment to Admis.Disc.R. 23(2) January 1, 1987. Because some of the alleged misconduct occurred before that date, the Commission charged the respondent under the *Code of Professional Responsibility* as well as the *Rules of Professional Conduct*.

sonal representatives were forced to retain other counsel to conclude the estate.

We find that through his repeated failure to act on his client's behalf, his failure to keep clients informed of the status of their claims and his failure to provide information to help them make informed decisions, the respondent violated Ind.Professional Conduct Rule 1.3 [2] and Prof.Cond.R. 1.4(a) and 1.4(b).[3] The respondent's failure to expedite litigation and to disclose material facts to a tribunal violate Prof.Cond.R. 3.2 [4] and 3.3(a)(2).[5] His general pattern of neglect and inattention to cases entrusted to him was prejudicial to the administration of justice in violation of Prof. Cond.R. 8.4(d).[6] Finally, through respondent's conduct, the parties agree that D.R. 1–102(A)(4),(5), and (6) have been violated [7] as well as D.R. 6–101(A)(3) [8] and 7–101(A)(2).[9]

■ Having found misconduct, this Court must now assess the appropriateness of the agreed sanction. In so doing, this Court examines the surrounding circumstances of the misconduct, the respondent's state of mind, the duty that was violated through the misconduct, any actual or potential injury to the client, the risk to the public, the duty of this Court to preserve the integrity of the legal profession, and any mitigating or aggravating factors. *Matter of Christoff and Holmes,* 690 N.E.2d 1135 (Ind.1997); *Matter of Darling,* 685 N.E.2d 1066 (Ind.1997); *Matter of Conway,* 658 N.E.2d 592 (Ind. 1995).

■ The parties agree that the appropriate sanction for the respondent's misconduct is a six month suspension from the practice of law without automatic reinstatement. They agree that several factors mitigate his misconduct, including the respondent's generally good reputation within the community in which he practices and his involvements with local charitable organizations. Further, he acknowledged the seriousness of his actions and expressed regret at the impact of his misconduct on the clients who entrusted their legal matters to him.

The three counts set out in this matter reflect a pattern of neglect and inattention to client interests, as well as purposeful misleading of clients about the status of their cases. His lack of candor with his clients adds a deeper dimension of culpability to the respondent's otherwise neglectful actions and convinces us that a significant period of suspension is warranted. We therefore find we should accept the parties' proposed resolution of this case. Accordingly, the respondent, Bruce R. Snyder, is hereby suspended from the practice of law for a period of not less than six (6) months, beginning April 19, 1999. At the conclusion of this suspension, the respondent will be eligible to petition for reinstatement under Ind.Admission and Discipline Rule 23(4).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide

**2.** Professional Conduct Rule 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

**3.** Professional Conduct Rule 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. Professional Conduct Rule 1.4(b) requires that a lawyer explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

**4.** Professional Conduct Rule 3.2 requires that a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

**5.** Professional Conduct Rule 3.3(a)(2) provides that a lawyer shall not knowingly fail to disclose a material fact to a tribunal when disclosure is

necessary to avoid assisting a criminal or fraudulent act against a tribunal by the client.

**6.** Professional Conduct Rule 8.4(d) provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

**7.** Disciplinary Rule 1–102(A)(4) prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

**8.** Disciplinary Rule 6–101(A)(3) states that a lawyer shall not neglect a legal matter entrusted to him.

**9.** Disciplinary Rule 7–101(A)(2) states that a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services, except for withdrawal as permitted under the rules.

the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerk of each of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against respondent.