In the Matter of Timothy L. CORBIN.

No. 49S00–9810–DI–606.

Supreme Court of Indiana.

Sept. 24, 1999.

Timothy L. Corbin, Pro Se.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

Attorney Timothy L. Corbin became the subject of a *Verified Complaint for Disciplinary Action* because of allegations he neglected the legal affairs of several of his clients and failed adequately to communi-

cate with them concerning their cases. In resolution of those charges, respondent Corbin and the Disciplinary Commission have offered to us an agreement pursuant to which the respondent is to be suspended from the practice of law. We today approve that agreement.

Our jurisdiction in this case results from the respondent's admission to this state's bar on October 31, 1994. The respondent is currently suspended from the practice of law due to his failure to abide by Continuing Legal Education requirements. The Commission's *Verified Complaint* consists of five counts. Under Count I, the parties agree that a client hired the respondent for representation in a dissolution action. Shortly after a preliminary hearing in June 1997, the client asked the respondent to have the final hearing set as soon as possible. When the client later inquired about the final hearing, the respondent told her that he had requested a setting. However, when the client checked with the court, she learned that no request for a final hearing had been made.

On September 26, 1997, the client telephoned the respondent and left a message for him to return her call. When he did not, the client visited the respondent's office on September 29, 1997, only to discover that he no longer worked at the law office, and had taken several files, including the client's, with him. The client hired another attorney who obtained the file from the respondent and completed the dissolution.

On October 8, 1997, the Disciplinary Commission received a grievance from the client. A copy of the grievance and a letter from the Executive Secretary of the Commission were sent to the respondent by certified mail. Pursuant to Ind.Admission and Discipline Rule 23, § 10(a)(2), the letter demanded a response to the grievance. Although the respondent received the grievance and the Executive Secretary's demand for information, he did not respond.

Under Count II, it is agreed that a client hired the respondent to recover damages following a traffic accident. The respondent contacted the insurance carrier for the other driver in initiation of settlement negotiations, but failed to follow up after the initial communication and ultimately failed to file suit on behalf of the client. Although the respondent did return some of the client's telephone calls, he failed to advise the client that he had neither completed negotiations with the other driver's insurer nor filed suit on behalf of the client. The client was forced to seek substitute counsel who subsequently successfully pursued the client's claim.

Under Count III, the respondent and the Commission agree that, in September 1995, the respondent was hired to pursue a fraud action against a client's landlord. The respondent filed suit and ultimately obtained a $3,500 judgment for his client. Shortly after the judgment was entered, the landlord filed bankruptcy in which he declared few assets, thus rendering the judgment uncollectible. The respondent failed to notify the client of the landlord's bankruptcy or the uncollectible nature of the judgment.

On January 13, 1998, the Commission received a grievance from the client. Again, the Commission forwarded a copy of the grievance and a letter from the Executive Secretary to the respondent. Despite receiving this correspondence, respondent again failed to provide the requested response.

Under Count IV, the parties agree that a client hired the respondent in March 1997 to recover for the client's purchase of a defective automobile. The respondent filed suit and obtained a default judgment for the client. The client later telephoned the respondent, left him a message that he was discharged, and requested the return of materials in her case file to which she was entitled. The respondent did not return the client's telephone messages, and only returned the case file materials after the client submitted a grievance with the

Commission. Once again, the respondent failed to respond to the Commission's demand for response.

Pursuant to Count V, the parties agree that a client hired the respondent to determine paternity of a child for whom the client was paying support. The client contended that he was not the child's father. The respondent filed a paternity suit and immediately sought genetic testing. Test results established that the client was not the father. The client asked the respondent to seek an order from the court requiring the child's mother to pay the cost of the genetic testing and to repay the child support paid prior to the genetic testing. The judge presiding over the paternity case, after receiving a similar request in writing from the client, informed the respondent that she would not award the client costs or order repayment of support. After researching the applicable law, respondent determined that the client was not entitled to repayment of voluntary support payments and that an award of costs of the genetic testing was discretionary with the judge. The client then asked the respondent to file a separate suit to recover the cost of testing and the support payments. The respondent concluded that a separate suit would not be viable, and took no action. The respondent never advised his client that a separate suit had not been filed seeking recovery of the cost of testing and the support payments.

Indiana Professional Conduct Rule 1.3 provides that lawyers shall act with reasonable diligence and promptness in representing a client. In Count I, the respondent failed to seek a final hearing in his client's dissolution action as requested by the client, and failed in all respects to pursue his client's tort claim under Count II. We therefore find that the respondent violated Ind.Professional Conduct .Rule 1.3.

Professional Conduct Rule 1.4(a) provides that lawyers shall keep their clients reasonably informed about the status of matters and promptly comply with reasonable requests for information. In Count I, the respondent failed to respond to his client's telephone messages requesting information about her case; in Count III, he failed to advise his client of a judgment debtor's bankruptcy; in Count IV, he failed to respond to his client's telephone messages wherein she requested return of case file materials; and in Count V, he failed to advise his client that costs and support payments were not recoverable and, therefore, that he would not file suit to collect them.

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as surrendering papers and property to which the client is entitled. Prof.Cond.R. 1.16(d). The respondent failed to protect adequately his clients' interests when he repeatedly failed to provide them with case file materials to which they were entitled after termination of this representation of them, and therefore violated the rule.

A lawyer in connection with a disciplinary matter shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority. Prof. Cond.R. 8.1(b). The respondent failed to respond to three demands of the Commission for a response to client grievances, as required under Admis.Disc.R. 23(10)(a)(2).[1]

Having found that the respondent violated the *Rules of Professional Conduct for Attorneys at Law*, we now must assess the adequacy of the proposed sanction, that being a 90-day suspension from the prac-

---

1. That rule provides, in relevant part:
   If the Executive Secretary determines that [a grievance] does raise a substantial question of misconduct, [the Executive Secretary shall] send a copy of the grievance by certified mail to [the respondent] ... and shall demand a written response. The respondent shall have twenty (20) days, or within such additional time as the Executive Secretary may allow, after the respondent receives a copy of the grievance.

tice of law. Our assessment takes into consideration both aggravating and mitigating factors. See, e.g., Matter of Christoff, 690 N.E.2d 1135 (Ind.1997); Matter of Darling, 685 N.E.2d 1066 (Ind.1997); Matter of Conway, 658 N.E.2d 592 (Ind.1995).

The sole factor in mitigation tendered by the parties is that the respondent has not previously been the subject of a disciplinary proceeding. No factors in aggravation are addressed, although we note that the repetitive nature of his wrongful acts may qualify.

Good lawyering necessarily requires adequate communication with clients. Further, protection of the legal rights of clients cannot effectively be achieved where a lawyer fails diligently and promptly to pursue available remedies and avenues of legal redress. The problem, especially in the mind of the client, may be compounded where the lack of diligence takes place despite a client's express request that prompt action ensue. The respondent's failings in this case certainly negatively impacted numerous clients, and for that in addition to the above-noted considerations, we conclude that a significant period of suspension is warranted. His disregard of the Commission's investigative authority convinces us further. Accordingly, we accept the proffered sanction.

It is therefore, ordered that the respondent, Timothy L. Corbin, is hereby suspended from the practice of law for a period of ninety (90) days, beginning October 29, 1999, at the conclusion of which he shall be automatically reinstated to the practice of law in this state; provided however, that nothing in this order shall relieve the respondent of any current suspension for his failure to comply with Continuing Legal Education requirements. The CLE suspension shall remain in effect until remedied by the respondent.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.