**In the Matter of Jerry T. DROOK.**

No. 27S00–0503–DI–71.

Supreme Court of Indiana.

Oct. 31, 2006.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* and the memorandums on sanction filed by the Commission and by the Respondent, we find that the respondent engaged in attorney misconduct.

**Facts:** Between the years 1993 and 2002, respondent maintained a law office in Marion, Indiana, sharing space with a number of other lawyers. He also shared a receptionist and a secretary. The secretary was a notary public. He utilized the services of both the receptionist and the secretary to witness the execution of various legal documents prepared by respondent on behalf of clients, and the services of the secretary to notarize documents.

In the year 2002, the secretary/notary public discovered that without her knowledge or consent a facsimile of her signature had been placed on a number of documents prepared by respondent that she had not notarized. She also identified approximately 22 papers that contained a fictitious facsimile of her signature, including documents and affidavits that had been filed in court proceedings, powers of attorney, and deeds.

Respondent had also signed the name of the receptionist as having witnessed, and attested to, the execution of four (4) wills, all without her knowledge or consent.

The Hearing Officer found that the respondent engaged in misconduct as alleged in the verified complaint. He found that although the respondent appeared to have had no self-serving motive in committing the misconduct, and no actual damage to his clients had occurred, his misconduct had the potential for significant injury. He found that the respondent's misconduct constituted multiple acts of misrepresentation to others and to the courts. And, he found further that the respondent did nothing to correct his misconduct until well after his actions were detected.

The Hearing Officer recommends that the respondent be suspended from the practice of law for a period of sixty (60) days with automatic reinstatement. The Commission, on the other hand, advocates for a more severe sanction of at least one hundred twenty (120) days suspension.

**Violations:** Respondent's conduct violated Ind. Professional Conduct Rule 8.4(c): by signing the names of others, without their knowledge and consent, to pleadings and other legal documents as a notary public and as a witness; and, Ind. Professional Conduct Rule 8.4(d) and 3.3(a)(1): by filing with various courts pleadings and legal documents that he knew contained false notarizations and/or attestations and fictitious signatures.

For the misconduct found herein, this Court suspends respondent from the practice of law, effective December 1, 2006, for a period of not less than sixty (60) days, after which respondent may petition this Court for reinstatement pursuant to Ind. Admission and Discipline Rule 23 § 4. However, respondent shall remain suspended until such time as he successfully demonstrates to the satisfaction of this Court that he meets all of the reinstatement requirements, including that he can be safely recommended to the public as a person fit to resume the practice of law.

Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney, to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Judge Everett E. Goshorn, Wells County Superior Court, and to all other entities as provided in Admis.Disc.R. 23(3)(d), and to post this Order on the Court's website for orders concerning final resolution of attorney disciplinary cases.

SHEPARD, C.J., and SULLIVAN, BOEHM and RUCKER, JJ., concur.

DICKSON, J., dissents believing that respondent should be disbarred from the practice of law due to his flagrant serial acts of misrepresentation and deceit.