**In the Matter of Jerry T. DROOK, Respondent.**

No. 27S00–1008–DI–430.

Supreme Court of Indiana.

June 29, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In November 2009, Respondent went to a jail to visit a client awaiting trial for the murder of his wife. While there, Respondent gave the client candy and written material that had not been authorized by the jail authorities. The written material was a letter from the client's sister pertaining to conversations between the sister and a witness for the state. Respondent was charged with two counts of trafficking with an inmate, which were resolved by a pre-trial division agreement under which Respondent admitted the allegations.

The parties cite Respondent's prior discipline as a fact in aggravation. *See Matter of Drook,* 855 N.E.2d 989 (Ind.2006). The parties cite the following facts in mitigation: (1) Respondent was cooperative with the Commission; and (2) Respondent accepts responsibility for his actions.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The parties propose the appropriate discipline is a 30–day suspension with automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, beginning August 10, 2011.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this

order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.