**In the Matter of Jeffrey A. GOLDING, Petitioner.**

**No. 64S00–9612–DI–752.**

Supreme Court of Indiana.

Dec. 8, 2011.

*PUBLISHED ORDER GRANTING CONDITIONAL REINSTATEMENT*

By order dated October 13, 1998, this Court suspended Petitioner for not less than nine months without automatic reinstatement. *Matter of Golding,* 700 N.E.2d 464 (Ind.1998). Petitioner filed a petition for reinstatement on February 25, 2008. On November 4, 2011, the Indiana Supreme Court Disciplinary Commission, pursuant to Indiana Admission and Discipline Rule 23(18)(b), filed its recommendation that Petitioner be reinstated to the

practice of law in Indiana conditioned on certain terms of probation, to which Petitioner consents.

A petition for reinstatement may be granted only if the petitioner proves to the Commission by clear and convincing evidence that:

(1) The petitioner desires in good faith to obtain restoration of his or her privilege to practice law;

(2) The petitioner has not practiced law in this State or attempted to do so since he or she was disciplined;

(3) The petitioner has complied fully with the terms of the order for discipline;

(4) The petitioner's attitude towards the misconduct for which he or she was disciplined is one of genuine remorse;

(5) The petitioner's conduct since the discipline was imposed has been exemplary and above reproach;

(6) The petitioner has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself or herself in conformity with such standards;

(7) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts;

(8) The disability has been removed, if the discipline was imposed by reason of physical or mental illness or infirmity, or for use of or addiction to intoxicants or drugs;

(9) The petitioner has taken the Multistate Professional Responsibility Ex-amination (MPRE) within six (6) months before or after the date the petition for reinstatement is filed and passed with a scaled score of eighty (80) or above.

Admis. Disc. R. 23(4)(b).

This Court, being duly advised, finds that the recommendation of the Disciplinary Commission should be accepted and that, accordingly, Petitioner should be conditionally reinstated as a member of the Indiana bar and placed on probation for a period of no less than one year. The Court incorporates by reference the recommended terms and conditions of probation, to which Petitioner agrees, which shall be applicable if Petitioner enters private practice. Those conditions include:

● Petitioner shall continue to implement a professionally-developed time and office management plan ("Plan").

● Petitioner shall meet regularly with attorney Gary Germann for a year, during which Petitioner's return to private practice and any signs of stress or other problems will be discussed and addressed.

● Petitioner shall be monitored for one year by the Indiana Judges and Lawyers Assistance Program, which will provide quarterly reports to the Commission on Petitioner's compliance with the Plan and report promptly any noncompliance.

The Court notes that there is a possibility that Petitioner may be offered a position with a prosecutor's office. The above conditions apply only if Petitioner enters private practice within one year of his reinstatement and shall then be in effect for one year after entering private practice. Petitioner shall promptly notify the Commission of his employment status after reinstatement and of any changes in such status during the term of his probation. In any case, Petitioner's probation

shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

IT IS, THEREFORE, ORDERED that Petitioner's petition for reinstatement is granted and that Petitioner is conditionally reinstated as a member of the Indiana bar subject to the terms and conditions of probation stated above.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.