**In the Matter of Ray W. ROBISON, Respondent.**

No. 47S00–1206–DI–365.

Supreme Court of Indiana.

April 9, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Two sisters were co-personal representatives of a decedent's estate. While counsel of record in the supervised estate, Respondent gave one co-personal representative a number of documents to sign. When one document was returned unsigned, Respondent signed the co-personal representative's name and forwarded all the documents to be signed by the second co-personal representative, who recognized that one signature was not her sister's. When confronted by the sisters, Respondent admitted he had signed the document. The co-personal representatives then terminated the representation, and he withdraw his appearance for the estate.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; (3) Respondent's misconduct was not due to a dishonest or selfish motive, but rather was motivated by a desire to avoid inconvenience to a client; (4) Respondent has acknowledged his misconduct and is remorseful; (5) Respondent fully cooperated with his clients' desire that he withdraw from his representation and he apologized to them.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(c), which prohibits engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DICKSON, C.J., and RUSH, J., who dissent.

DICKSON, C.J., dissenting.

Much of our legal system is predicated on the authenticity and reliability of signatures. For a lawyer to affix a false signature is a deception that gravely undermines public trust, respect, and confidence in the legal profession. Such inexcusable misconduct is not justified or excused by considerations of client convenience, expediency, or lack of personal gain. Affixing a false signature is manifestly dishonest and an absolute ethical transgression. For

this offense, I favor a substantial period of suspension.

RUSH, J., concurs with the dissent of DICKSON, C.J.