### In the Matter of Larry D. BEESON, Respondent.

### No. 43S00–1305–DI–306.

Supreme Court of Indiana.

Oct. 31, 2013.

*PUBLISHED CORRECTED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme

Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent represented DH for about 20 years. In 2007, DH suffered a stroke and moved to a nursing home. Both DH and his wife, PH, were in their mid–80s, and PH was in declining mental health. After meeting with family members, Respondent prepared a power of attorney to change DH's attorney-in-fact from PH to PH's three children. He also prepared guardianship consent forms to place PH under the guardianship of one of her children. DH signed a guardianship consent form and sent it to Respondent. Although Respondent did not witness the signature, Respondent nevertheless notarized the signature on the consent form and filed it in the action to appoint a guardian for PH. There is no question that it was, indeed, DH's signature on the guardianship consent form.

The parties cite the following fact in aggravation: Respondent has substantial experience in the practice of law. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; (3) Respondent has acknowledged his misconduct and is remorseful; (4) Respondent accepts responsibility for his actions; and (5) Respondent's misconduct was not due to a dishonest or selfish motive.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DICKSON, C.J., who dissents.

DICKSON, C.J., dissenting.

Much of our legal system is predicated on the authenticity and reliability of signatures. For a lawyer to falsely notarize a signature is a deception that gravely undermines public trust, respect, and confidence in the legal profession. Such inexcusable misconduct is not justified or excused by considerations of client convenience, expediency, or lack of personal gain. Falsely notarizing a signature is manifestly dishonest and an absolute ethical transgression. For this offense, I favor a substantial period of suspension.