In the Matter of Kevin W. MARSHALL, Respondent.

No. 45S00–1211–DI–628.

Supreme Court of Indiana.

June 30, 2014.

### PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer, the Honorable T. Edward Page, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The underlying facts found by the hearing officer are essentially undisputed. Respondent represented plaintiffs in a lawsuit in the Lake Superior Court. Pursuant to a case management plan, counsel for the parties were required to submit a joint pretrial order by June 25, 2009. Counsel for the parties failed to agree on a joint pretrial order due to lack of cooperation from counsel for the defendants. Instead of cooperating with Respondent in filing a joint proposed pretrial order, on June 24, 2009, the defendants filed their own pretrial order, which was signed on page 18 by the defendants' attorneys.

Sometime later, Respondent personally tendered a proposed pretrial order with his signature on behalf of the plaintiffs. The last page of Respondent's proposed order was a photocopy of page 18 of the

defendant's pretrial order with the signatures of the defendants' attorneys, which Respondent used without the knowledge or consent of counsel for the defendants. The proposed pretrial order was not file-stamped and was not acted on by the court.

The proposed order tendered by Respondent included materials from the defendants' proposed pretrial order supplemented by the plaintiffs' pretrial order material. The attachment of the signature page from the defendants' proposed pretrial order was impulsive and the result of acting under pressure to comply with the trial court's case management order. Respondent's motive in tendering his proposed pretrial order was not to affect the outcome of the case, to obtain financial gain, or to gain any advantage over the other parties.

*Aggravating and mitigating facts.* In aggravation, we note that Respondent has a history of prior discipline. *See Matter of Marshall,* 902 N.E.2d 249 (Ind.2009). That prior discipline arose from a fee dispute and did not involve a claim that Respondent acted dishonestly.

The Court finds the following facts in mitigation: (1) Respondent was cooperative with the Commission in its investigation and prosecution of this case, admitting both to all the allegations of the complaint and also that he had committed the violation charged; (2) throughout the proceedings, Respondent accepted full responsibility for misconduct and has expressed genuine remorse; (3) Respondent has acknowledged the harm he has caused to his clients, to opposing counsel, to the trial court, and to the legal system; (4) attorneys who have worked with Respondent established at the hearing that Respondent has a reputation as competent, hardworking, ethical, and honest; and (5) while this action was under consideration, Respondent informed the other judges of the Lake Superior Court of his transgression and apologized for the harm had caused to the court.

**Violation:** Respondent admits and the Court finds that Respondent violated Professional Conduct Rule 8.4(c), which prohibits engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

**Discipline:** The accuracy of documents used by a tribunal in a proceeding is of the utmost importance to the administration of justice and the submission of falsified or fraudulent documents by an officer of the court is therefore severe misconduct. *See Matter of Darling,* 685 N.E.2d 1066, 1068 (Ind.1997). In some cases, such misconduct has resulted in suspension without automatic reinstatement, *see Matter of Drook,* 855 N.E.2d 989 (Ind.2006), which requires the attorney to present clear and convincing evidence of his or her remorse, rehabilitation, and fitness before resuming the practice of law, *see* Admis. Disc. R. 23(4)(b). In the current case, however, the hearing officer recommends and the Commission agrees that suspension with automatic reinstatement is appropriate. In light of the substantial mitigating facts in this case, the Court will impose suspension with automatic reinstatement.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning August 8, 2014.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to

the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.