### In the Matter of Rebecca K. BROWNING, Respondent.

### No. 29S00–1508–DI–468.

Supreme Court of Indiana.

Sept. 9, 2015.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent was employed as a deputy prosecutor. In discussions with defense counsel in three separate cases, it was determined in each case that the defendant was an appropriate candidate for pre-trial diversion. Accomplishing this result required the charging informations to be amended to reflect certain criteria. Respondent gained the necessary approvals and prepared amended charging informations with signature lines for herself as the attorney and for an investigator as the affiant providing the factual information for the charges. However, the investigator was not available to execute the

documents when they were ready, and rather than waiting, Respondent signed the investigator's name to each amended information without the investigator's knowledge or consent. The amended informations were filed in court, and when the county prosecutor learned what had occurred, Respondent's employment was terminated. A special prosecutor appointed to investigate Respondent's conduct concluded that criminal charges were not warranted.

The parties cite Respondent's prior disciplinary history as a fact in aggravation. In mitigation, the parties cite the following: (1) the special prosecutor's determination that criminal charges were not warranted; (2) Respondent was motivated by convenience rather than selfishness and took responsibility for her misconduct; (3) Respondent cooperated with her now-former employer, the special prosecutor, and the Commission in their investigations of her misconduct; (4) Respondent acknowledges her misconduct and is remorseful; and (5) Respondent suffered additional penalty by virtue of the termination of her employment.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

3.3(a)(1): Knowingly making a false statement of fact to a tribunal.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties propose the appropriate discipline is a suspension of 30 days with automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

Respondent already is under suspension for failure to fulfill her continuing legal education requirements. For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, effective immediately.** At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent.

All Justices concur, except MASSA, J., who is not participating.