


FILED

Aug 30 2024, 10:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Indiana Supreme Court

Supreme Court Case No. 24S-DI-236

## In the Matter of
## Robert T. Miller,
*Respondent.*

---

Decided: August 30, 2024

Attorney Discipline Action

---

**Per Curiam Opinion**

Chief Justice Rush and Justices Massa, Slaughter, Goff, and Molter concur.

**Per curiam.**

We find that Respondent, Robert T. Miller, engaged in attorney misconduct by signing family case managers' (FCMs) names to Child in Need of Services (CHINS) petitions without their knowledge or consent. For this misconduct, we agree with the parties that Respondent should be suspended for 120 days with automatic reinstatement.

Pursuant to Indiana Admission and Discipline Rule 23(12.1)(b), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline. Respondent's 2013 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* Ind. Const. art. 7, § 4. The Court approves the agreement and proposed discipline.

## Stipulated Facts

The Commission filed its disciplinary complaint against Respondent on July 11, 2024, and the parties jointly submitted their conditional agreement to this Court the following day.

At all relevant times, Respondent was a staff attorney for the Indiana Department of Child Services (DCS) and was assigned to the office shared by Newton and Benton Counties. As a staff attorney, Respondent was responsible for preparing and filing CHINS petitions, which must be verified. In thirty-eight CHINS petitions filed between April 2022 and April 2023, Respondent signed the names of FCMs without their knowledge or permission. DCS fired Respondent upon learning of his misconduct.

Importantly, the parties stipulate in their conditional agreement that there is no evidence any of the facts alleged in the CHINS petitions were falsified other than the signatures. Respondent drafted the petitions based on facts contained in documents prepared by the FCMs; the FCMs attended the initial hearings on the CHINS petitions with Respondent;

and the FCMs testified regarding the information contained in the CHINS petitions.

## Discussion and Discipline

The parties agree that by falsely signing the FCMs' signatures to CHINS petitions, Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

> 3.3(a)(1): Knowingly making a false statement of fact to a tribunal.

> 8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

> 8.4(d): Engaging in conduct prejudicial to the administration of justice.

We have repeatedly lamented the fundamental breach in trust posed by attorneys who falsely sign or notarize legal documents. "The accuracy of documents and instruments utilized by a tribunal in a proceeding is of the utmost importance to the administration of justice." *Matter of Darling*, 685 N.E.2d 1066, 1068 (Ind. 1997). "[F]raudulent alteration of such documents by an officer of the court is therefore severe misconduct." *Id*.

That such misconduct often has been motivated by considerations of expediency rather than selfishness does little to lessen the impact of the deceit upon courts, parties, and public confidence in the legal system. *See id.*; *see also Matter of Irk*, 224 N.E.3d 925 (Ind. 2024) (involving false signatures in adoption proceedings that were expected to be uncontested); *Matter of Browning*, 39 N.E.3d 685 (Ind. 2015) (concerning false signatures in charging informations amended to make defendants eligible for pretrial diversion). As several members of this Court have emphasized,

> Much of our legal system is predicated on the authenticity and reliability of signatures. For a lawyer to affix a false signature is a deception that gravely undermines public trust, respect, and confidence in the legal profession. Such inexcusable misconduct is not justified or excused by considerations of client convenience, expediency, or lack of

> personal gain. Affixing a false signature is manifestly
> dishonest and an absolute ethical transgression.

*Matter of Robison*, 985 N.E.2d 336, 336 (Ind. 2013) (Dickson, C.J., joined by Rush, J., dissenting); *see also Irk*, 224 N.E.3d at 926 (Rush, C.J., joined by Goff, J., dissenting); *Matter of Beeson*, 997 N.E.2d 336, 337 (Ind. 2013) (Dickson, C.J., dissenting).[1]

Most of these prior cases have involved relatively isolated occurrences and have resulted in reprimands or short suspensions. Here though, we are confronted with an attorney who forged FCMs' signatures in *dozens* of CHINS cases in a pattern of misconduct that spanned approximately one year. Moreover, as the parties rightly acknowledge in their conditional agreement, Respondent's misconduct had the potential for significant injury due to the fundamental interests at stake in CHINS proceedings. Accordingly, more severe discipline is warranted here.

When weighing the seriousness and scope of the misconduct against the stipulated mitigating factors, which include among other things Respondent's lack of prior discipline and his lengthy career of public service, we agree with the parties that a 120-day suspension with automatic reinstatement is appropriate.

## Conclusion

The Court concludes that Respondent violated Indiana Professional Conduct Rules 3.3(a)(1), 8.4(c), and 8.4(d). For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of 120 days, beginning October 11, 2024. Respondent shall not undertake any new legal matters between service of this opinion and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the suspension period, provided there are no

---

[1] The dissents in these cases would have rejected the respective conditional agreements on grounds the proposed discipline was too lenient in light of the seriousness of the misconduct.

other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(18)(a).

The costs of this proceeding are assessed against Respondent. Pursuant to the parties' stipulation in their conditional agreement, the Court orders Respondent to pay $250.00 by check made payable and transmitted to the Clerk of the Indiana Supreme Court. The Clerk shall retain those funds in their entirety upon receipt. The parties further stipulate that the Commission's investigation costs under Admission and Discipline Rule 23(21)(a)(1) remain to be determined.

Rush, C.J., and Massa, Slaughter, Goff, and Molter, JJ., concur.

ATTORNEY FOR RESPONDENT
Margaret M. Christensen
Indianapolis, Indiana

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Adrienne L. Meiring, Executive Director
Jill E. Esenwein, Staff Attorney
Indianapolis, Indiana